**In re Elmer WALTER and Dorla Walter, Debtors.**

**Bankruptcy No. 89–03019.**

United States Bankruptcy Court, N.D. Ohio, W.D.

April 14, 1992.

Howard A. Elliott, Findlay, Ohio, for debtors.

John J. Hunter, Toledo, Ohio, trustee.

Verne K. Armstrong, Toledo, Ohio, for the I.R.S.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Trustee's Objection to Claim of Internal Revenue Service. At the Hearing, the parties presented the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed those arguments and the relevant case law, as well as the entire record in this

matter. Based upon that review, and for the following reasons, the Court finds that the Trustee's Objection should be sustained.

This Court finds that the Internal Revenue Service [hereinafter "IRS"] is a secured creditor in this case, however, its lien can be avoided under Section 6323 of the Internal Revenue Code.

Section 545 of the Bankruptcy Code provides that:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case; whether or not such a purchaser exists.

11 U.S.C. § 545(2). Accordingly, the trustee assumes the powers of a bona fide purchaser of property, "without regard to any knowledge of the trustee or any creditor." 11 U.S.C. § 544. The trustee gets the rights of a hypothetical creditor with a lien on all property of the debtor based upon state law.

Section 6321 of the Internal Revenue Code provides that the United States has a lien "upon all property and rights to property, whether real or personal," belonging to a person who fails to pay any federal tax for which the person is liable. 26 U.S.C. § 6321. The IRS properly filed its lien. The Internal Revenue Code does have provisions which make even a properly filed lien invalid against certain persons. *See,* 26 U.S.C. § 6323. For instance, this lien is not valid as against a purchaser of a motor vehicle, if

> (A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and
>
> (B) before the purchaser obtains such notice or knowledge, he had acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

26 U.S.C. § 6323(b)(2). This subsection is applicable to the case at bar. The item involved herein is a motor vehicle.

Bankruptcy was filed in October of 1989 and the Trustee received possession of the automobile in July of 1990. The Trustee has since sold the automobile and the IRS claims that its lien attaches to the proceeds. Despite the fact that the United States properly filed its security interest, the lien does not extend to it pursuant to Section 6323 of the Internal Revenue Code.

The IRS disagreed. They accepted that the Trustee did not have notice by virtue of the Bankruptcy Code. However, the IRS contended that the recent case of *In re Stegeman* applied in this situation. The IRS argued that the Trustee did not have "hypothetical possession" and thus, could not properly avoid the lien. This Court has reviewed *Stegeman* and the cases it relies upon and is unwilling to adopt the "lack of hypothetical possession" theory.

*Stegeman* and its forerunners which believe in the "lack of hypothetical possession" theory base their belief upon *Matter of Tape City, U.S.A., Inc.,* a decision from the Fifth Circuit Court of Appeals. *Matter of Tape City, U.S.A., Inc.,* 677 F.2d 401 (5th Cir.1982). In *Tape City,* a case decided prior to the current Bankruptcy Code, the Fifth Circuit Court of Appeals dealt with the issue of vendor's privileges in Louisiana civil law. Vendor's privileges in Louisiana were unique in that the statute required the claim to be valid against the Trustee in Bankruptcy. The Fifth Circuit Court of Appeals held that "[a] bona fide purchaser may avoid the privilege, but only if physical possession of the property has passed. 'Only the concurrence of *both* transfer of title and physical delivery vitiates the vendor's privilege; the privilege remains if either has not occurred.' " *Tape City,* at 403 (*quoting,* Rubin and Rubin, *The Louisiana Vendor's Privilege on Movables: A Secured Claim Valid Against a Bankruptcy Trustee,* 29 La.Bar J. 61 (1980).

This Court believes that the "hypothetical possession" theory is characteristic only to the situation which arose in the Fifth

Circuit and finds that it does not apply to the case at bar. If the Court would accept this position, then trustees would be unduly burdened by having to gain actual, physical possession of all of the assets of the debtor to avoid any liens of creditors. This Court is not willing to place such a burden on the trustees. This Court can find no further basis for accepting this theory. Therefore, this Court rejects the notion of "lack of hypothetical possession" in this context.

In reaching the conclusions found herein, this Court has considered all of the evidence and arguments of counsel regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Trustee's Objection to the Secured Claim of the IRS be, and is hereby, Sustained.

It is FURTHER ORDERED that the Trustee file a status report within Fourteen (14) days of the date of this Opinion as to the other portions of his Objection. The Court will set the matter for Further Hearing if necessary.