In re Elmer & Dorla WALTER, Debtors.

UNITED STATES of America, Appellant,

v.

John J. HUNTER, Trustee, Appellee.

No. 3:92 CV 7393.

United States District Court, N.D. Ohio, W.D.

Sept. 30, 1993.

Verne K. Armstrong, Office of the U.S. Atty., Toledo, OH, Stacy Hallett, Tax Div., Dept. of Justice, Washington, DC, for U.S.

Howard A. Elliott, Christopher Law Office, Findlay, OH, for debtors.

John J. Hunter, Jr., Hunter & Schank, Toledo, OH, Trustee.

## MEMORANDUM OPINION

DOWD, District Judge.

This action is before the Court on the appeal of the United States, Department of Internal Revenue Service ("IRS") from the June 10, 1992 decision of the United States Bankruptcy Court. This Court's jurisdiction to hear appeals from a judgment, order or decree of a United States Bankruptcy judge is pursuant to 28 U.S.C. § 158(a).

### STANDARD OF REVIEW

The question presented in this appeal is one of law. Accordingly, it is subject to *de* novo review by the district court on appeal. *In re Caldwell*, 851 F.2d 852 (6th Cir.1988).

### FACTUAL BACKGROUND

The debtors filed bankruptcy pursuant to Chapter 11 in October of 1989. In June of 1990, the bankruptcy was converted to a Chapter 7 proceeding. At issue in this appeal is a motor vehicle, titled under the laws of the State of Ohio, of which the trustee took actual physical possession in July of 1990, and which was a part of the trust estate created pursuant to 11 U.S.C. § 541, from and after the date of the order for relief. On February 7, 1990, the Internal Revenue Service ("IRS") timely filed a proof of claim in the Chapter 11 proceedings, asserting that it had a secured claim against the debtors in excess of $300,000.[1] The IRS had filed liens in 1988 and 1989.[2]

The trustee objected to the IRS's claim, alleging that the liens of the IRS should be avoided with respect to the proceeds of a motor vehicle sold by the trustee as part of this bankruptcy proceeding because, in his status as a trustee, he occupies the position of a bona fide purchaser[3] of the vehicle.

### QUESTION PRESENTED

In a case that is converted from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy, can the trustee avoid the statutory lien of the IRS where the IRS filed its proof of claim before the conversion to Chapter 7 and therefore before the trustee was appointed?

### APPLICABLE LAW

At issue in this case is the relationship between two statutes: 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b). 11 U.S.C. § 545(2) ("§ 545(2)") provides that

1. Previously, this Court considered this case, and determined that it could not discern from the record the date that the proof of claim was filed. Accordingly, this action was remanded to the Bankruptcy Court for a determination of the date upon which the IRS filed its proof of claim. As a result of this remand, the record has been supplemented with a copy of the original proof of claim filed by the IRS, demonstrating that it was filed on February 7, 1990.

2. These liens, which were made a part of the record upon the remand, were general federal tax liens resulting from the nonpayment of taxes, and were not specific liens on the motor vehicle in question.

3. A bona fide purchaser is one who has purchased property for value without notice of any defects in the title of the seller. *Black's Law Dictionary* 177 (6th ed. 1990).

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement the case, whether or not such a purchaser exists.

An authority on the meaning of section 545(2), Collier on Bankruptcy, states that, pursuant to section 545(2), the trustee is given the status of a hypothetical bona fide purchaser as of the date of the filing of the petition. 4 Collier on Bankruptcy 545–19. The trustee is empowered to claim the same defenses to statutory tax liens on the debtor's property as would be a bona fide purchaser. *Id.*

The IRS contends that, despite the trustee's status as a bona fide purchaser, he cannot avoid the tax liens. This argument is grounded in 26 U.S.C. § 6323(b) ("§ 6323(b)"). Section 6323(b) provides:

Even though notice of a lien has been filed, such lien shall not be valid—

(2) Motor vehicles.—With respect to a motor vehicle ... if—

(A) at the time of the purchase such purchaser [4] did not have actual knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to seller or his agent.

### BANKRUPTCY COURT FINDING

The IRS argued to the bankruptcy court that, while the trustee did not have notice by virtue of the Bankruptcy Code, the trustee did not have "hypothetical possession" and thus, could not properly avoid the lien. The IRS based its "hypothetical possession" argument on the recent case of *In re Stegeman*, Case No. 84–01979, 1991 Bankr. LEXIS 156 (Bankr.E.D.Wash. Jan.

25, 1991). The bankruptcy court reviewed *Stegeman* and the cases underlying it and refused to adopt the "lack of hypothetical possession" theory.

The Bankruptcy Court explained that *Stegeman* and its forerunners base their theory on *In re Tape City, U.S.A., Inc.*, 677 F.2d 401 (5th Cir.1982), a Fifth Circuit decision handed down prior to the current Bankruptcy Code. In that case, the Fifth Circuit dealt with the issue of vendor's privileges in Louisiana civil law. Vendor's privileges were unique in that the statute required the claim to be valid against the trustee in bankruptcy. The Fifth Circuit Court of Appeals held that "[a] bona fide purchaser may avoid the privilege, but only if physical possession has passed. 'Only the concurrence of *both* transfer of title and physical delivery vitiates the vendor's privilege; the privilege remains if either has not occurred.'" *Tape City*, 677 F.2d at 403 *quoting*, Rubin and Rubin, *The Louisiana Vendor's Privilege on Movables: A Secured Claim Valid Against a Bankruptcy Trustee*, 29 La.Bar.J. 61 (1980).

The bankruptcy court found the "hypothetical possession" theory characteristic only to the situation which arose in the Fifth Circuit. Acceptance of such a theory, the bankruptcy court stated, would unduly burden trustees by requiring them to gain actual, physical possession of all of the assets of the debtor to avoid any liens of creditors. The bankruptcy court was "not willing to place such a burden on the trustees." Therefore, the bankruptcy court rejected the notion of "lack of hypothetical possession" in this context, and instead sustained the objection of the trustee.

### ANALYSIS

■ The IRS expressly states that it does not dispute that the trustee meets the description of a bona fide purchaser. What it does dispute is whether obtaining bona fide purchaser status is sufficient to allow

---

4. For the purposes of 26 U.S.C. § 6323(b), a purchaser is described as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than

a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice ..." 26 U.S.C. § 6323(h)(6).

the trustee to avoid the federal tax liens with respect to the motor vehicles. The IRS argues that § 6323 enumerates the only exceptions to the general rule that a federal tax lien, notice of which has been properly filed, attaches to all property and rights to property of the taxpayer, and a subsequent purchaser takes such property subject to such liens. Section 6323 requires that, in order to avoid a federal tax lien with respect to a motor vehicle, the purchaser must not have had actual notice or knowledge of the existence of the lien, *and* must have acquired possession of the vehicle before the purchaser receives such notice or knowledge. Thus, the IRS argues that, because the trustee did not gain actual physical possession of the vehicle until July of 1990, the trustee cannot avoid the lien of the IRS.

The trustee asserts that he did not have actual notice or knowledge of the existence of the lien at the time he took possession, and therefore could not have had actual knowledge at any time prior thereto. Moreover, the trustee argues that even if he did have knowledge, such knowledge is irrelevant because he falls within the definition of a bona fide purchaser, and, therefore, by definition did not have knowledge. Finally, the trustee contends that the hypothetical possession argument is irrelevant because the trustee took actual physical possession of the vehicle before he had notice of the liens, and distinguishable because it relies on *Tape City* which is unique to Louisiana law.

The Court finds the sequence of events in this case dispositive. In October of 1989, the debtors filed for bankruptcy pursuant to Chapter 11. On February 7, 1990, the IRS timely filed its proof of claim, asserting that it had a secured claim against the debtors in excess of $300,000. Approximately four months later, in June of 1990, the bankruptcy proceeding was converted to one under Chapter 7, and the trustee was appointed. In July of 1990,

the trustee took actual, physical possession of the vehicle at issue.

Given this chronology, the Court concludes that the IRS is entitled to the proceeds from the sale of the vehicle at issue. The trustee is given the status of a hypothetical bona fide purchaser as of the date of the filing of the petition. That date, in this case, is June of 1990, when the proceeding was converted from a Chapter 11 to a Chapter 7 bankruptcy. By that time, the IRS had already timely filed its proof of claim, thereby making it enforceable. Thus, the trustee did not obtain hypothetical possession until after the IRS has perfected its lien, and the trustee does not fall within § 545(2).

■ Further, the trustee cannot take advantage of the protection of § 6323. Pursuant to § 6323, *before* the trustee obtained notice or knowledge of the filing of the lien, he must have acquired possession of the vehicle. In this case, when the trustee was appointed in June 1990, he was given the debtor's file which contained the IRS proof of claim. Therefore, the trustee received notice of the lien *at the same time* that he obtained hypothetical possession under § 545. Accordingly, the trustee has not met that requirement of § 6323 that before the purchaser obtains such notice or knowledge, he has acquired possession; because hypothetical possession and notice occurred simultaneously, the trustee does not come within the exception of § 6323.[5] Consequently, the IRS is entitled to the proceeds from the sale of the vehicle at issue.

Accordingly, the Bankruptcy Court will be reversed, and the IRS will be awarded the proceeds from the sale of the vehicle.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED,

---

**5.** It is irrelevant that the trustee did not actually see the proof of claim. To find such a fact relevant would be tantamount to a finding that the IRS can never prevail in a case like this, because even when it timely files its proof of claim, it still loses. This Court refuses to make such a finding.

988

ADJUDGED, and DECREED that the Internal Revenue Service's appeal is well-taken, and the April 14, 1992 decision of the Bankruptcy Court, 139 B.R. 695 is reversed. This case is remanded to the Bankruptcy Court for further proceedings in accordance with the memorandum opinion filed contemporaneously with this order.

IT IS SO ORDERED.