**In re John F. ZNIDER, aka J. Fred Znider, and Janet L. Znider, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**John F. ZNIDER, aka J. Fred Znider, and Janet L. Znider, Appellees.**

**No. SA CV 93–231 LHM.**

United States District Court, C.D. California.

Nov. 22, 1993.

A. Lavar Taylor, Law Offices of Lavar Taylor, Santa Ana, CA, for debtors/appellees.

Terree A. Bowers, U.S. Atty., Mason C. Lewis, Asst. U.S. Atty., Chief, Tax Div. by Edward M. Robbins, Jr., Asst. U.S. Atty., Los Angeles, CA, for appellant U.S.

*ORDER REMANDING CASE AND VACATING DECISION AND OPINION BELOW*

McLAUGHLIN, District Judge.

Based upon the reasons set forth in the Court's Minute Order dated 11/22/93, which is incorporated herein,

IT IS ORDERED that the decision of the Bankruptcy Court and the opinion at 150 B.R. 239 are VACATED and this case is REMANDED to the Bankruptcy Court for proceedings consistent with the Minute Order.

The Court, on its own motion, hereby VACATES the APPELLANT'S hearing on 11/29/93. F.R.Civ.P. 78; Local Rule 7.11. Based on the papers submitted by the parties and applicable law, the Court now rules as follows:

(1) The Court has thoroughly considered the supplemental briefs filed by the parties, as well as the initial appellate briefs and the record below.

(2) The decision and opinion of the bankruptcy court in this action is VACATED and the case is REMANDED. On remand, the bankruptcy court is directed to:

(i) Strike the stipulation referred to at page 2 of Appellees' (Zniders') Brief filed with this Court on 10/27/93, regarding 11 U.S.C. section 545(2), because such stipulation constitutes legal conclusions to which the parties may not stipulate.

(ii) Reconsider the additional issues listed below in light of the extensive briefing by the parties before this Court and new facts and circumstances concerning the Zniders' bankruptcy estate which have arisen since the Bankruptcy Court's initial decision, including, but not limited to, the Zniders' tax liability to the State of California and the state's attempts to collect any taxes owed to it, and whether any payments have been made to the Internal Revenue Service for the 1981 and 1982 income tax liability which is the subject of the liens at issue in this case.

(3) *Issues for reconsideration on remand:*

(i) Does the Bankruptcy Court's interpretation of the applicable statutes in its initial decision result in the Zniders, as debtors-in-possession, having an advantage over individuals in bankruptcy whose estates are controlled by non-debtor trustees, such as the debtors in *In re Walter*, 139 B.R. 695 (Bkrtcy.N.D.Ohio 1992)?

(ii) Is it logical and consistent with Congressional intent to apply the "hypothetical bona fide purchaser" standard of 11 U.S.C. section 545(2) to a debtor-in-possession, who could never be an actual bona fide purchaser in the context of 26 U.S.C. section 6323?