PER CURIAM:
 

 Tape City, U.S.A., Inc. (Tape City) appeals from a District Court judgment af
 
 *402
 
 firming the decision of the Bankruptcy Court. On the baseball theory of three strikes, you’re out, we affirm.
 

 Borg-Warner Acceptance Corporation (Borg-Warner) in December 1979 entered into an agreement with Tape City to finance part of Tape City’s inventory in its New Orleans area stores. Suppliers sold merchandise to Borg-Warner, which paid them, but they shipped directly to Tape City. Borg-Warner and the suppliers executed various security devices including an assignment of the suppliers’ Louisiana vendor’s privilege to Borg-Warner,
 
 [1]
 
 with Tape City’s approval.
 

 On June 18, 1980, Tape City filed for bankruptcy under 11 U.S.C. § 101
 
 et seq.
 
 No trustee was appointed; Tape City continued in possession of its property.
 
 [2]
 
 On July 28, 1980, Borg-Warner filed a complaint seeking modification of the debtor’s stay under 11 U.S.C. § 362(d).
 
 [3]
 
 It alleged that its vendor’s privileges constituted a secured claim against Tape City and demanded adequate protection of its interests in the merchandise. The Bankruptcy Court held the vendor’s privilege valid and ordered Tape City to furnish adequate protection. Tape City appealed, arguing that the bankruptcy proceedings should not recognize the vendor’s privilege.
 
 [4]
 

 Both the Bankruptcy Court and District Court recognized that
 
 In re Trahan,
 
 283 F.Supp. 620 (W.D.La.1968),
 
 aff’d on opinion below,
 
 402 F.2d 796 (5th Cir. 1968),
 
 cert. denied
 
 sub nom.
 
 Bernard v. Beneficial Finance Co.,
 
 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969),
 
 accord,
 
 in re
 
 Wallace Lincoln-Mercury Co.,
 
 469 F.2d 396 (5th Cir. 1972), governs the instant action unless the new Bankruptcy Code, passed in the interim, establishes the contrary.
 

 We begin with § 545,
 
 [5]
 
 the successor to § 67(c). Under § 545 a trustee is “clothed
 
 *403
 
 with various powers to protect the general unsecured creditors from the effect of .. . liens whose enforcement might be unfairly prejudicial to the bankruptcy estate.... None of these powers, however, permit the trustee to displace an otherwise valid statutory lien.” Rubin and Rubin,
 
 supra,
 
 note _ at 61. Section 545 grants secured creditors, those with such valid statutory liens upon the debtor’s property, the right to have their claims recognized first. “Where the lien created by law is a perfected, as distinguished from an inchoate, lien, such lien remains valid.” 4
 
 Collier’s on Bankruptcy
 
 at 545-5 (15th ed. 1981). While Louisiana law determines the nature of a vendor’s privilege, the Code determines whether it constitutes a secured claim in bankruptcy.
 
 Trahan, supra.
 
 In Louisiana, a vendor of movable property which has not been paid has a vendor’s privilege on the price of his property so long as the article remains in the possession of the original vendee. L.S.A.-C.C.Arts. 3217(7) and 3227.
 
 [6]
 
 That privilege is not a spurious one, as the
 
 Trahan
 
 court and both the Bankruptcy and District Courts here pointed out. Rather, it is a “non-consensual lien that arises solely by operation of law”, a “right which the nature of a debt gives to a creditor and which entitles him to be preferred over other creditors.” Rubin and Rubin,
 
 supra,
 
 at 62-63.
 

 A debtor in possession in Chapter 11 Reorganization is treated like a Chapter 7 (straight bankruptcy) trustee for purposes of § 545.
 
 [7]
 
 “For the purposes of testing statutory liens under this provision [§ 545(2)], the trustee is thus given the status of a hypothetical bona fide purchaser and he acquires that status as of the date of the filing of the petition.” 4
 
 Collier’s on Bankruptcy
 
 at 545-19. A bona fide purchaser may avoid the privilege, but only if physical possession of the property has passed. “Only the concurrence of
 
 both
 
 transfer of title and physical delivery vitiates the vendor’s privilege; the privilege remains if either has not occurred.” Rubin and Rubin,
 
 supra,
 
 at 62. Tape City argues that as a debtor in possession, it is transformed into a bona fide purchaser and may therefore avoid the vendor’s privilege.
 
 Trahan
 
 considered and rejected a similar argument. Even if Tape City is considered a trustee who, under the legal fiction of the Code, takes as a bona fide purchaser, we cannot accept Tape City’s argument that
 
 *404
 
 the mere filing of bankruptcy somehow transfers physical possession of the goods.
 

 Since the trustee cannot terminate a vendor’s privilege,
 
 see supra,
 
 it follows that Tape City may not do so, either. The new Code effected no substantive change in this regard, so
 
 Trahan
 
 controls.
 

 AFFIRMED.
 

 [1]
 

 . The vendor’s privilege arises automatically as a matter of law. Recording is not necessary.
 

 [2]
 

 . Rights, powers, and duties of debtor in possession
 

 (a) Subject to any limitations on a trustee under this chapter [11 USCS §§ 1101 et seq.], and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title [11 USCS § 330], and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title [11 USCS § 1106(a)(2), (3), and (4)], of a trustee serving in a case under this chapter [11 USCS §§ 1101 et seq.].
 

 [3]
 

 . On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.
 

 [4]
 

 . For a useful discussion of this exact question,
 
 compare
 
 Rubin and Rubin,
 
 The Louisiana Vendor’s Privilege on Movables: A Secured Claim Valid Against a Bankruptcy Trustee,
 
 29 La.Bar J. 61 (1980) (Unique role of vendor’s privilege in Louisiana civil law requires its recognition as valid against a trustee)
 
 with
 
 Schneyer,
 
 Statutory Liens Under the New Bankruptcy
 
 Code—
 
 Some Problems Remain,
 
 55 Am.Bankr.L.J. 1 (1981) (criticizing decisions upholding validity of vendor’s privilege).
 

 [5]
 

 .Statutory liens
 

 The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
 

 (1) first becomes effective against the debt- or—
 

 (A) when a case under this title [11 USCS §§ 1 et seq.] concerning the debtor is [is] commenced;
 

 (B) when an insolvency proceeding other than under this title [11 USCS §§ 1 et seq.] concerning the debtor is commenced;
 

 (C) when a custodian is appointed or takes possession;
 

 (D) when the debtor becomes insolvent;
 

 (E) when the debtor’s financial condition fails to meet a specified standard; or
 

 (F) at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien;
 

 (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;
 

 (3) is for rent; or
 

 (4) is a lien of distress for rent.
 

 [6]
 

 . Article 3217 provides:
 

 List of special privileges on particular movables
 

 The debts which are privileged on certain movables, are the following:
 

 * * * * * *
 

 7. The price due on movable effects, if they are yet in the possession of the purchaser.
 

 Article 3227 provides:
 

 Vendor’s privilege on movables; agricultural products of the United States
 

 He who has sold to another any movable property, which is not paid for, has a preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.
 

 So that although the vendor may have taken a note, bond or other acknowledgment from the buyer, he still enjoys the privilege.
 

 Any person who may sell the agricultural products of the United States in the city of New Orleans [Orleans], shall be entitled to a special lien and privilege thereon to secure the payment of the purchase money, for and during the space of five days only, after the day of delivery; within which time the vendor shall be entitled to seize the same in whatsoever hands or place they may be found, and his claim for the purchase money shall have preference over all others. If the vendor gives a written order for the delivery of any such products and shall say therein that they are to be delivered without vendor’s privilege, then no lien shall attach thereto.
 

 [7]
 

 .
 
 See
 
 1978 U.S. Code Cong. Admin. News, Vol. 5, at 6360: “This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a Chapter 11 trustee. He is required to perform the functions and duties of a Chapter 11 trustee.... He is also subject to any limitations of a Chapter 11 trustee, and such other limitations and conditions as the court prescribes”;
 
 Id.
 
 at 5868: “This section [§ 545] also will not affect various statutory provisions that give a creditor of the debtor a lien that is valid outside as well as inside bankruptcy ... ”; and
 
 Collier Bankruptcy Manual
 
 ¶ 1107.03[2] (3d ed. 1979): “The debtor in possession has the same powers as the trustee to avoid those statutory liens which may be avoided under § 545....”