In re MISCO SUPPLY COMPANY, formerly known as Misco-United Supply, Inc., a Kansas corporation, Debtor.

Bankruptcy No. 83–11692.

United States Bankruptcy Court, D. Kansas.

Oct. 25, 1984.

A. Leon Hebert, Baton Rouge, La., for Stupp Corp.

Stephen A. Mitchell, Houston, Tex., J. Eric Engstrom, Wichita, Kan., for Republic Bank.

Christopher J. Redmond, Wichita, Kan., for trustee.

## MEMORANDUM OF DECISION

ROBERT B. MORTON, Bankruptcy Judge.

### ISSUE

Whether the trustee as a bona fide purchaser under 11 U.S.C. § 545(2) may avoid a Louisiana vendor's lien privilege attaching to tubular drill casing sold debtor by objectant.[1]

---

**1.** Sale proceeds stand in substitution for the tubular goods. See Facts *infra*.

## FACTS

Material facts are not in dispute: Objectant, Stupp Corporation, a Delaware corporation with its principal place of business in Baton Rouge, Louisiana (Stupp), sold and delivered to debtor, Misco Supply Co. (Misco), 8⅝" tubular drill casing for a price of $72,137.20. The invoice was not paid and debtor scheduled that amount as an unsecured claim. Stupp asserts a secured position based on a vendor's privilege provided by Louisiana statute.

Misco filed a voluntary petition for Chapter 11 relief on November 21, 1983. On the December 2 following, the case was converted to Chapter 7 and a trustee was appointed. The trustee sold the tubular inventory on which objectant claims its vendor's privilege for $67,911.96. The parties have agreed that sum was a fair market price for the inventory. By court order the funds are being held in an interest-bearing account pending resolution of this controversy.

## MEMORANDUM

■ The avoiding power under 11 U.S.C. § 545 is normally restricted to a trustee. In this instance, RepublicBank, a secured creditor,[2] has asserted that power. Although the record is not altogether clear the trustee appears to have adopted RepublicBank's position. The self-interest of the latter is obvious;[3] nonetheless the challenge to Stupp's secured claim is treated as being advanced at the behest of the trustee.

LA.CIV.CODE ANN. art. 3227 provides:

He who has sold to another any movable property, which is not paid for, has as preference on the price of his property, over the other creditors of the purchaser, whether the sale was made on a credit or

2. The lead in a consortium of lending banks.

3. RepublicBank asserts a pervasive lien on inventory and inventory proceeds.

4. The text of 11 U.S.C. § 545(2):
[Trustee may avoid statutory lien to the extent that such lien]

without, if the property still remains in the possession of the purchaser.

11 U.S.C. § 545(2) permits a trustee to avoid the fixing of a statutory lien on debtor's property to the extent that such lien would not be enforceable against a bona fide purchaser.[4]

Stupp argues the vendor's privilege is enforceable against the trustee as a statutory bona fide purchaser and, in support of that position, cites *In re Trahan*, 283 F.Supp. 620, *aff'd* 402 F.2d 796, *cert. denied sub nom Bernard v. Beneficial Finance Co.*, 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969). In its affirming opinion, the Fifth Circuit court of appeals adopted the reasoning of the district court which had concluded, *inter alia*, that the vendor's privilege was a statutory lien as defined at Sec. 1(29a) of the Bankruptcy Act. That determination is accepted here as being consistent with the Bankruptcy Code. 11 U.S.C. § 101(38).

■ In considering Sec. 67(c)(1)(B) [Bankruptcy Act], the Louisiana federal district court further found the bona fide purchaser there contemplated was not a purchaser *in possession* of the property. Under Louisiana law, a vendor's privilege is preserved as to a bona fide purchaser *not* in actual possession. On those premises the Louisiana federal district court held—and the Fifth Circuit affirmed—that the vendor's privilege was superior to the hypothetical bona fide purchaser rights of a bankruptcy trustee under the Bankruptcy Act.

Thus, following that 'Louisiana approach' in the instant controversy, the question is narrowed to one of determining whether under the Bankruptcy Code the trustee has the rights of a bona fide purchaser *in possession.*

(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists;

In support of the possession concept the trustee argues that the filing of a petition for relief creates the debtor estate which is tantamount to a transfer of all assets to the trustee's possession. Such was the view of the First Circuit in *In re J.R. Nieves & Co.*, 446 F.2d 188 (1st Cir.1971).[5] There the trustee's rights as a bona fide purchaser were held to be of a possessory nature and sufficient to defeat a vendor's privilege.

In *In re Hughes*, 9 B.R. 251 (Bankr.W.D. La.1981),[6] the bankruptcy court adopted the analysis of the First Circuit in *Nieves* and expressed the hope the Fifth Circuit would reconsider its holding in *Trahan.*

The Fifth Circuit had that opportunity in *In re Tape City, Inc.*, 677 F.2d 401 (5th Cir.1982), but declined to depart from *Trahan.* The court rejected the concept that the petition filing is the conceptual equivalent of a physical transfer of possession.

The filing of a petition for relief under the Code creates an estate. 11 U.S.C. § 541. Thereupon the trustee has the duty to collect and reduce to money the property of the estate. 11 U.S.C. § 704. Correspondingly, under 11 U.S.C. § 521(3) a debtor has the duty to surrender the property of the estate to the trustee. RepublicBank/trustee argue that the latter provision has the effect of transferring possession to the trustee.

*Tape City* seems to require manual delivery to the trustee. Similarly *Trahan* professes to look at the 'reality' of the situation between debtor and vendor at the time of the petition filing. But the 'reality' in a factual sense is that true physical possession by a trustee never occurs at the exact moment a petition for relief is filed. To give any practical effect to Sec. 545 there must be a hypothetical relation-back of the trustee's status as a bona fide purchaser.[7] It seems illogical to negate that concept by

reading in an impossible requirement that the trustee must have had actual rather than constructive possession. But whatever the merits of those arguments, the Fifth Circuit holds firm to the position that the trustee is not a bona fide purchaser in possession, *ergo*, the Louisiana vendor's privilege is enforceable. *In Matter of Martin Explor. Co.*, 731 F.2d 1210 (5th Cir. 1984). The opinion states:

> Explorer argues that Superior could not enforce its lien, because under Louisiana law a vendor's privilege is enforceable only if the vendee retains possession. Martin did not retain possession of the casing. Therefore, Explorer argues, the vendor's privilege was invalid and null in the bankruptcy proceeding.
>
> This question is settled in Superior's favor by *Matter of Tape City, USA, Inc.*, 677 F.2d at 403 (construing Louisiana law), which held that loss of the vendor's privilege upon loss of possession by the vendee occurs only if the vendee actually sells title to the goods. *See In re Trahan*, 283 F.Supp. 620 (W.D.La.1968), *aff'd on opinion below*, 402 F.2d 796 (5th Cir.1968), *cert. denied* sub nom. *Bernard v. Beneficial Finance Co.*, 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969).

Similarly, a Bankruptcy Court for the Western District of Louisiana recently held:

> ... For the purposes of bankruptcy, the debtor/vendee is not considered to have 'lost possession' on the mere filing of his petition, and accordingly, the privilege is recognized in bankruptcy as a secured claim. *Matter of Tape City*, 677 F.2d 401 (5th Cir.1982).

*In re Exclusive Industries Corp.*, 41 B.R. 493, 497 (Bankr.W.D.La.1984).

In accordance with that decisional law, it is here determined that Stupp holds a vendor's privilege that is valid as against

---

**5.** Decided under the Bankruptcy Act, of course.

**6.** Governed by the Bankruptcy Code; opinion notes material distinctions from the Bankruptcy Act.

**7.** Those same avoidance powers are held by a debtor-in-possession. The Fifth Circuit has so ruled even when the debtor itself was the transferor of the voidable preference sought to be recovered by the debtor-in-possession. *Matter of Hughes*, 704 F.2d 820 (5th Cir.1983).

the trustee and is entitled to recover the subject impounded moneys. Judgment to such effect shall be entered.

The foregoing memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 7052 and Rule 52(a), Federal Rules of Civil Procedure.