In re SOUTHERN TRANSFER
& STORAGE CO., Debtor,

Charles L. WEISSING,
Trustee, Plaintiff,

v.

U.S.A./DEPARTMENT OF
the TREASURY.

Bankruptcy No. 90–0645–8P7.
Adv. No. 92–409.

United States Bankruptcy Court,
M.D. Florida.

March 16, 1993.

Charles L. Weissing, for plaintiff.

David N. Geier, U.S. Atty., Washington, DC, for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matters under consideration are Cross Motions for Summary Judgment filed by Charles L. Weissing, Trustee (Plaintiff) who instituted the above captioned adversary proceeding, and the United States of America, Department of the Treasury (Government). The Plaintiff in his Complaint seeks to avoid the tax lien asserted by the Government on the proceeds of a sale of certain properties of the estate. The Plaintiff's attack on the tax lien is based on § 545(2) of the Bankruptcy Code. In opposition, the Government contends that by virtue of 26 U.S.C. § 6323, the Trustee cannot avoid the tax lien under consideration unless the Trustee is deemed to be a Bona Fide Purchaser (BFP), and had actual possession of the property encumbered by the tax lien on the date of the commencement of the case. Both urge in their respective Motions that the facts as they appear from this record are indeed without dispute, and they are entitled to judgment in their respective favors as a matter of law. These facts are as follows:

Prior to the commencement of the Chapter 11 case, the Government assessed against Southern Transfer & Storage Company (Debtor) unpaid taxes in the amount of $26,981.03 based on unpaid FICA taxes for the first and second quarters of 1989. On December 5, and on December 21, 1989, respectively, the Government filed its Notice of Federal Tax Lien in the Public Records of Pinellas County, Florida.

On January 1, 1990, the Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. However, the Chapter 11 case was later converted to a case under Chapter 7. In due course, Charles Weissing was appointed Trustee for the estate of the Debtor. Among the assets of the Debtor were certain motor vehicles and trailers which the Trustee, with the approval of this Court, sold and is currently holding the proceeds of this sale. These are the proceeds which, according to the Government, are encumbered by a tax lien and therefore, should be paid over to the Government. Based on these undisputed facts both sides contend that they are entitled to a ruling in their respective favors as a matter of law.

The enforceability of the lien in question is undoubtedly a statutory lien established by 26 U.S.C. § 6323. The treatment of statutory liens are specifically dealt with in § 545 of the Bankruptcy Code which provides in subclause 2 that:

§ 545. Statutory Lien

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

.  .  .  .  .

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

.  .  .  .  .

■ It cannot be gainsaid that the Trustee is deemed to be a BFP as of the date of the commencement of a case whether or not such purchaser actually exists. The fact that the case was originally a Chapter 11 case and later on converted to a Chapter 7 case is of no consequence. This is so because by virtue of § 1107 of the Bankruptcy Code the Debtor-in-possession has all rights and powers with some exceptions not relevant here of a Trustee serving in a case under Chapter 11 of the Bankruptcy Code.

■ Thus, the ultimate question is whether or not the Trustee who occupies the position of a fictional purchaser, a BFP, could defeat the Government's tax lien for lack of perfection. This question must be answered with reference to applicable State law. *In re Loretto Winery, Ltd.*, 898 F.2d 715 (9th Cir.1990). In this State perfection of liens on motor vehicles is governed by Section 679.302 of the Florida Statutes which provides that in order to perfect a lien on a motor vehicle the lien sought to be enforced must be noted on the Certificate of Title issued by the Department of Motor Vehicles Commission. Thus, unless the lien sought to be enforced is properly noted on the Motor Vehicle Certificate, it is unenforceable against the BFP unless the party asserting the lien perfected its lien by actual possession of the motor vehicle in question.

■ There is no question that the Government's tax lien, albeit recorded in the public record of Pinellas County which deals with the transfer of real estate, was not noted on the Certificate of Title covering the motor vehicles in question. It is equally without dispute that the Government did not perfect its lien by actual possession of the vehicles. From the reasons stated, it is clear that by virtue of § 545(2) of the Bankruptcy Code a statutory lien claimed by the Government cannot be enforced against the estate. Since there are no genuine issues of material fact, the Trustee is entitled to a judgment in his favor as a matter of law. A Final Judgment will be entered in accordance with the foregoing. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Summary Judgment is hereby granted. Further it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Motion for Summary Judgment is hereby denied.