**In re Elmer WALTER; Dorla Walter, Debtors.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John J. HUNTER, Trustee, Defendant–Appellant.**

**No. 93–4315.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1994.

Decided Feb. 3, 1995.

Gary D. Gray (argued), David A. Shuster, U.S. Dept. of Justice, Appellate Section Tax Div., Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for plaintiff-appellee.

James M. Perlman (argued and briefed), Hunter & Schank Co., Toledo, OH, for defendant-appellant.

Before KEITH, JONES, and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

The defendant-trustee, John J. Hunter, appeals the district court's order reversing a decision of the bankruptcy court and holding that the trustee could not avoid the statutory liens of the plaintiff-Internal Revenue Service (the "IRS"). The sole issue on appeal is whether the district court properly determined that the trustee could not, under the Bankruptcy Code, 11 U.S.C. § 545(2), avoid the statutory liens of the IRS on debtors' motor vehicle pursuant to the Internal Revenue Code, 26 U.S.C. § 6323(b)(2). For the reasons that follow, we affirm.

## I.

On October 19, 1989, the debtors, Elmer and Dorla Walter, filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio. At the time of the filing, debtors owned a 1986 Kenworth Tractor, which is the motor vehicle at issue in this case. Debtors listed the IRS as a creditor having claims for federal taxes. As of the petition filing date, debtors' assessed tax liabilities relating to the filed notices of tax liens totalled $389,395.01, including interest and penalties.[1] On February 7, 1990, the IRS filed a proof of claim listing the nearly $390,000 as secured claims against debtors. The IRS also listed unsecured priority claims and unsecured general claims totaling $2,595.79.

On June 5, 1990, on debtors' motion, the bankruptcy court converted debtors' reorganization case to a liquidation case under Chapter 7 of the Bankruptcy Code. At that time, the bankruptcy court appointed John J. Hunter as trustee. In July 1990, the trustee took possession of the motor vehicle at issue, a 1986 Kenworth Tractor, which had been in debtors' possession when they filed their petition. Pursuant to a notice of intent to sell, on October 4, 1990, the trustee sold the motor vehicle for $24,000, free and clear of all liens.

After the sale, the trustee filed an objection to the IRS' proof of claim. The trustee asserted that because he occupied the position of a bona fide purchaser of the motor vehicle, the tax liens on the proceeds from the sale of the motor vehicle could be avoided and that the IRS' secured claims should be treated as unsecured priority claims. On April 14, 1992, the bankruptcy court entered an order sustaining the trustee's objection to the IRS' secured claims. *See In re Walter*, 139 B.R. 695 (Bankr.N.D. Ohio 1992). It found that the IRS properly filed its notices of tax liens, but concluded that the tax liens could be avoided under § 545(2) of the Bankruptcy Code because the tax liens did not extend to the motor vehicle under Internal Revenue Code § 6323(b)(2). On June 10, 1992, the bankruptcy court entered an order that disposed of the trustee's remaining objections and allowed the IRS an unsecured priority claim of $822.88, and an unsecured general claim of $391,218.39, of which $389,395.01 was formerly secured by the federal tax liens.

On June 19, 1992, the United States filed a notice of appeal to the United States District Court for the Northern District of Ohio. In its memorandum opinion dated September 30, 1993, the district court reversed the bankruptcy court. *See In re Walter*, 158 B.R. 984 (N.D. Ohio 1993). It held that the tax liens could not be avoided under § 545(2) of the

---

1. The IRS had made federal income tax assessments against the debtors, doing business as Adrian & Duenquat Elevator, and had filed notices of federal tax liens on the following dates:

| Taxable Year | Assessment Date | Date Notice of Tax Lien Filed |
|---|---|---|
| 1980 | 10/31/88 | 6/06/89 |
| 1981 | 10/31/88 | 1/17/89 |
| 1983 | 10/02/87 | 1/17/89 |
| 1984 | 10/02/87 | 5/16/88 |

Bankruptcy Code and that the proceeds of the sale of the motor vehicle were subject to the liens. It reasoned that while the trustee is given the status of a hypothetical bona fide purchaser, the trustee in this case failed to acquire possession of the motor vehicle before acquiring notice of the tax liens.

This timely appeal by the trustee followed.

## II.

### A.

■ This court has jurisdiction pursuant to 28 U.S.C. §§ 158(d), 1291. As the bankruptcy trustee's power to avoid federal tax liens is a question of law, we review this issue de novo. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988); *see also In re Loretto Winery Ltd.*, 898 F.2d 715, 718 (9th Cir.1990). This is a case of first impression in this circuit which involves the collision of Bankruptcy Code § 545(2) and Internal Revenue Code § 6323(b)(2). Because of the complexity of the relationship between these two statutory provisions, we shall begin by setting forth the general legal principles involved in this case.

■ Section 545 of the Bankruptcy Code dictates when a trustee can avoid statutory liens. The relevant part of that section provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—
>
> (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 545(2).[2] Pursuant to this section, a trustee may step into the shoes of a hypothetical bona fide purchaser and claim the same defenses to statutory liens on a debtor's property as would a bona fide purchaser. *Id.* A trustee acquires that right as of the commencement of the case, *id.*, which is the date of filing the bankruptcy petition. *See* 11 U.S.C. § 101(42).

■ Upon filing a petition under Chapter 11 of the Bankruptcy Code, a debtor obtains the title of "debtor-in-possession." 11 U.S.C. § 1101(1). A debtor-in-possession has virtually all of the rights and powers of a bankruptcy trustee, including the power to avoid statutory liens under § 545(2) of the Bankruptcy Code. 11 U.S.C. § 1107(a); *In re WWG Indus., Inc.*, 772 F.2d 810, 811–12 (11th Cir.1985); *In re Tape City, U.S.A., Inc.*, 677 F.2d 401, 403 & n. 7 (5th Cir.1982) (per curiam); *In re Garden Inn Steak House, Inc.*, 22 B.R. 830, 832 (Bankr.N.D. Ohio 1982). Because a trustee stands in the shoes of a hypothetical bona fide purchaser, it follows that a debtor-in-possession enjoys the same protections as would a bona fide purchaser at the time of the commencement of the case.

■ A federal tax lien under Internal Revenue Code § 6321 is a statutory lien subject to avoidance. *See* 11 U.S.C. § 101(53). A federal tax lien on all property of a delinquent taxpayer arises at the time the tax liability of the taxpayer is assessed. 26 U.S.C. §§ 6321, 6322; *United States v. National Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 2923–24, 86 L.Ed.2d 565 (1985). Generally, a federal tax lien is made valid against third parties by filing a notice of federal tax lien. 26 U.S.C. § 6323(a); *In re Darnell*, 834 F.2d 1263, 1265 n. 5 (6th Cir.1987). However, it may not be valid against specified third parties under certain circumstances. *See* 26 U.S.C. § 6323(b). Section 6323(b)(2) of the Internal Revenue Code in relevant part provides:

> Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid ... [w]ith respect to a motor vehicle (as defined in subsection (h)(3)), as

---

2. We do not delve into the legislative history of Bankruptcy Code § 545(2) for two reasons: First, the language of the statute is plain so it may be interpreted on its face. *See United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Second, the legislative history itself is contradictory and offers little help in interpreting the statute. *In re Znider*, 150 B.R. 239, 242 (Bankr.C.D.Cal.) (describing legislative history as "contradictory"), *vacated on other grounds*, 167 B.R. 603 (C.D.Cal.1993); *In re Williams*, 109 B.R. 179, 182 (Bankr.W.D.N.C.1989) (calling legislative history "clouded and contradictory").

against a purchaser of such motor vehicle, if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

26 U.S.C. § 6323(b)(2). Having set forth the general legal principles involved in this case, we now turn to the specific issue on appeal.

**B.**

The trustee in this case appeals from the judgment of the district court reversing the bankruptcy court. The district court concluded that the federal tax lien on debtors' motor vehicle that arose under Internal Revenue Code § 6321, notice of which had been properly filed, could not be avoided. Thus, it held that the proceeds from the sale of the motor vehicle were subject to the federal tax lien. The trustee argues that the district court committed two fatal errors in its analysis.

■ The trustee's first argument is that the district court erred in determining the time that the lien is tested. After reciting the sequence of events, which it determined was dispositive, the district court concluded that the IRS was entitled to the proceeds from the sale of the motor vehicle. The district court stated:

Given this chronology, the Court concludes that the IRS is entitled to the proceeds from the sale of the vehicle at issue. The trustee is given the status of a hypothetical bona fide purchaser as of the date of the filing of the petition. That date, in this case, is June of 1990, when the proceeding was converted from a Chapter 11 to a Chapter 7 bankruptcy. By that time, the IRS had already timely filed its proof of claim, thereby making it enforceable. Thus, the trustee did not obtain hypotheti-

cal possession until after the IRS has [sic] perfected its lien, and the trustee does not fall within § 545(2).

J.A. 92. We agree with the trustee that this reasoning is flawed. The district court incorrectly concluded that June 1990 was the date of the filing of the petition. Bankruptcy Code § 348(a) provides, "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). The language of this statute makes clear that the conversion relates back to the original date of filing the petition. *See In re Williamson*, 804 F.2d 1355, 1359, 1361 (5th Cir.1986). It is of no consequence that a case was originally filed as a Chapter 11 case and was later converted to a Chapter 7 case. *In re Southern Transfer & Storage Co.*, 157 B.R. 691, 693 (Bankr.M.D.Fla.1993). The Chapter 7 case is deemed to have been commenced by the filing of the petition under Chapter 11, rather than the date of the conversion. Accordingly, we hold that for purposes of the bona fide purchaser test of Bankruptcy Code § 545(2), a case which is converted from a Chapter 11 case to a Chapter 7 case must be treated as though it were commenced as a Chapter 7 case at the time of the original petition under Chapter 11.[3]

In this case, the petition was originally filed under Chapter 11 of the Bankruptcy Code on October 19, 1989. The case was converted to a liquidation case under Chapter 7 of the Bankruptcy Code on June 5, 1990. Because the conversion relates back to the original filing on October 19, 1989, the trustee steps into the shoes of a hypothetical bona fide purchaser as of that date. It follows that the trustee may avoid the federal tax liens if a hypothetical bona fide purchaser who obtained the motor vehicle on October 19, 1989, could avoid the federal tax liens. *See* 11 U.S.C. § 545(2).

■ The district court went on to state that the federal tax liens were made enforceable because the IRS had filed its proof of

---

**3.** We do not adopt the relation back doctrine for all purposes because the doctrine raises many issues—for example, determining what assets constitute property of the estate upon conversion—which we need not decide in this case.

claim. This statement implies that filing a proof of claim is what renders a federal tax lien enforceable; however, a proof of claim is simply the means by which a creditor presents his claim to the bankruptcy court.[4] *See* 11 U.S.C. § 501. As already stated, a federal tax lien arises automatically when the tax liability is assessed and is made valid against third parties by the filing of a notice of federal tax lien. 26 U.S.C. § 6323(a); *In re Darnell,* 834 F.2d 1263, 1265 n. 5 (6th Cir. 1987). In this case, the IRS had filed notices of federal tax liens at the time the petition was filed. Therefore, its liens were valid against third parties, except for certain purchasers afforded protection under Internal Revenue Code § 6323(b)(2).

### C.

The trustee's second argument is that the district court erred in its application of § 6323 of the Internal Revenue Code. Specifically, the trustee argues that the district court erred in concluding that the trustee could not take advantage of the protections of Internal Revenue Code § 6323(b)(2) because the trustee did not have possession of the motor vehicle before he received notice of the lien when he was appointed to administer the Chapter 7 estate. The trustee states (and the IRS agrees) that it is irrelevant whether the trustee had possession of the motor vehicle because the strength of the lien is tested against a hypothetical bona fide purchaser. The trustee reasons that because debtors had possession of the motor vehicle when they filed the original Chapter 11 petition, the trustee may now avoid the lien.

 As an initial matter, we find it necessary to address what the bona fide purchaser test actually requires. Many courts and commentators say that a trustee is given the status of a hypothetical bona fide purchaser for purposes of testing statutory liens under Bankruptcy Code § 545(2). *See In re*

*Tape City,* 677 F.2d at 403; *In re Williams,* 109 B.R. 179, 181 (Bankr.W.D.N.C.1989); 4 *Collier on Bankruptcy* ¶ 545.04 (15th ed. 1977). They then focus on what characteristics a trustee as a hypothetical bona fide purchaser possesses—that is, whether a trustee is a mere bona fide purchaser without possession of the goods, or a bona fide purchaser with additional qualities such as possession of the goods. *See In re Znider,* 150 B.R. 239, 245–46 (Bankr.C.D.Cal.), *vacated on other grounds,* 167 B.R. 603 (C.D.Cal. 1993); *United States v. Sierer,* 139 B.R. 752, 755 (N.D.Fla.1991); *In re Williams,* 109 B.R. 179, 181 (Bankr.W.D.N.C.1989). While this is a convenient way to state the test, such an approach is misdirected and overstates the trustee's position. A strict reading of the statute reveals that a trustee is not actually given the status of a bona fide purchaser; instead, he is given the power to avoid statutory liens where a hypothetical bona fide purchaser could avoid them. Thus, because it is a hypothetical bona fide purchaser that is the standard, the test is better stated by the courts that say a trustee steps into the shoes of a hypothetical bona fide purchaser. *See In re Loretto Winery Ltd.,* 898 F.2d at 718; *In re Robinson,* 166 B.R. 812, 813 (Bankr.D.Vt.1994). In the end, the proper inquiry should be whether a statutory lien is enforceable against a bona fide purchaser as of the date the petition is filed. *See 4 Collier on Bankruptcy* ¶ 545.04 (15th ed. 1977).

 Whether a bona fide purchaser may avoid a statutory lien is a matter that is left to state or federal lien law.[5] 4 *Collier on Bankruptcy* ¶ 545.04 (15th ed. 1977). Thus, where a statutory lien is created by state law, state law governs in determining whether the lien can be avoided by a bona fide purchaser, and the characteristics of a bona fide purchaser will also be determined by state law. *See In re Loretto Winery Ltd.,* 898 F.2d at 718 (California producer's lien);

---

**4.** We do note, however, that filing the proof of claim may affect whether the trustee was without the "actual notice or knowledge of the existence of such lien" required for protection under Internal Revenue Code § 6323(b)(2).

**5.** There are numerous cases which make the general statement that state law governs the na-

ture of a lien and its enforceability against a bona fide purchaser. *See, e.g., In re Hughes,* 9 B.R. 251, 255 (Bankr.W.D.La.1981). However, because those cases involved only liens created by state law, they cannot be read to say that state law governs in cases involving liens created by federal law.

*In re Tape City,* 677 F.2d at 403 (Louisiana's vendor's lien). Where a statutory lien is created by federal law, however, federal law governs in determining whether the lien may be avoided by a bona fide purchaser, and the characteristics of a bona fide purchaser will also be determined by federal law. *See In re Williams,* 109 B.R. 179, 180 (Bankr. W.D.N.C.1989) (federal tax lien); *In re Bates,* 81 B.R. 63, 64 (Bankr.D.Or.1987) (federal tax lien); *see also United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110–11, 4 L.Ed.2d 1192 (1960) (stating that federal law governs the operation and enforcement of federal tax liens).

The statutory liens in this case are federal tax liens created pursuant to Internal Revenue Code § 6321, and they are generally valid against third parties once notices of federal tax liens have been filed. *See* 26 U.S.C. § 6323(a). However, § 6323(b) of the Internal Revenue Code affords protection for certain interests even though notice has been properly filed. 26 U.S.C. § 6323(b). The trustee in this case claims he is protected by Internal Revenue Code § 6323(b)(2), which protects a purchaser of a motor vehicle if before the purchaser received actual notice or knowledge of the lien, he acquired possession of the motor vehicle. 26 U.S.C. § 6323(b)(2). The applicability of that provision to the trustee in this case raises two distinct issues.

The first issue is whether the trustee may claim protection under Internal Revenue Code § 6323 in the first instance. Internal Revenue Code § 2363(b) affords protection only for a "purchaser," which is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). Because a trustee may stand in the shoes of a bona fide purchaser for purposes of Bankruptcy Code § 545(2), the issue becomes whether a bona fide purchaser meets the definition of a purchaser. Although the term "bona fide purchaser" is not defined in the Bankruptcy Code, it is generally understood to mean "[o]ne who has purchased property for value without notice of any defects in the title of the seller." *Black's Law Dictionary* 177 (6th ed.1990); *Dietsch v. Long,* 72 Ohio App. 349, 43 N.E.2d 906, 914–15 (1942). Thus, "value" is a much lower standard than "adequate and full consideration in money or money's worth." Because a bona fide purchaser is not necessarily a purchaser for purposes of Internal Revenue Code § 6323(b)(2),[6] it follows that a trustee standing in the shoes of a hypothetical bona fide purchaser does not fall within the protection of this statute.[7] *In re Helper,* No.

---

**6.** Although it is not necessary that we look to the legislative history in interpreting Internal Revenue Code § 6323, we note that it supports this conclusion. The 1966 amendment was enacted to counteract *Enochs v. Smith,* 359 F.2d 924, 926 (5th Cir.1966), where the Fifth Circuit held that § 6323 did not require adequate consideration to make one a purchaser within its terms. The 1966 amendment to § 6323 changed this result by adding the current definition for the term purchaser which requires "adequate and full consideration;" the amendment explained that "the bill modifies the results reached in court decisions under present law in that the amount paid can no longer be so small as to have little relation to the value of the property acquired. However, this requirement is not intended to preclude a bona fide bargain purchaser...." S.Rep. No. 1708, 89th Cong., 2d Sess. (1966), *reprinted in* 1966 U.S.C.C.A.N. 3722.

**7.** This conclusion is not inconsistent with the rationale of Internal Revenue Code § 6323. The purpose of this so-called superpriority statute is

to encourage the alienability of certain enumerated assets without threats of tax liability and to protect bona fide purchasers who obtained the assets without knowledge of the tax lien. *In re Znider,* 150 B.R. 239, 244 (Bankr.C.D.Cal.) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 86 (1978)), *vacated on other grounds,* 167 B.R. 603 (C.D.Cal.1993); *see also In re McNitt,* 139 B.R. at 23. As to the alienability rationale, the existence of a tax lien on an asset is not going to impede the transfer of the asset as between a debtor and a trustee, or the subsequent transfer of the asset by a trustee to a third party purchaser, who will obtain the property free and clear of any lien. *See* 11 U.S.C. § 363(b)-(c), (f)(3) (authorizing the sale of property free and clear of any lien where the selling price is greater than the aggregate value of all liens on the property). The fact that an asset is encumbered makes no difference in a trustee's decision to obtain that asset, as long as property is of more than inconsequential value or benefit to the bankruptcy estate. *See* 11 U.S.C. § 542 (requiring turnover of property to trustee unless "such property is of inconsequential value

93–71086, 1993 WL 453370, at *2 (Bankr. D.S.C. July 30, 1993); *In re McNitt*, 139 B.R. 21, 23 (Bankr.D.Idaho 1992); *In re Bates*, 81 B.R. 63, 64 (Bankr.D.Or.1987).

■ The second issue is whether the trustee, who stands in the shoes of a hypothetical bona fide purchaser, meets the possession and no actual notice or knowledge requirements of Internal Revenue Code § 6323(b)(2). As stated above, the purchaser must have possession to have priority over a federal tax lien. 26 U.S.C. § 6323(b)(2).

Numerous courts have addressed this issue by determining whether the Bankruptcy Code grants a hypothetical bona fide purchaser "hypothetical possession" over the property upon the filing of the petition, and they have not reached consistent results. One group of cases holds that the Bankruptcy Code does not grant hypothetical possession to a hypothetical bona fide purchaser. *See In re Loretto Winery Ltd.*, 898 F.2d at 721; *In re Tape City*, 677 F.2d at 403–04; *In re Stegeman*, No. 84–01979–414, 1991 WL 541134, at *4 (Bankr.E.D.Wash. Jan. 25, 1991); *see also In re Williams*, 109 B.R. 179, 181 (Bankr.W.D.N.C.1989); *In re Bates*, 81 B.R. 63, 64 (Bankr.D.Or.1987); *In re Misco Supply Co.*, 43 B.R. 651, 653 (Bankr.D.Kan. 1984); *In re Exclusive Industries Corp.*, 41 B.R. 493, 496 (Bankr.W.D.La.1984). Another group of cases, however, holds to the contrary. *See In re Coan*, 72 B.R. 483, 486–87 (Bankr.M.D. Fla.1987), *vacated*, 134 B.R. 670 (Bankr.M.D.Fla.1991); *In re Hughes*, 9 B.R. 251, 256–57 (Bankr.W.D.La.1981); *see also In re J.R. Nieves & Co.*, 446 F.2d 188, 192 (1st Cir.1971).

In *In re Tape City, U.S.A., Inc.*, 677 F.2d 401 (5th Cir.1982) (per curiam), the Fifth Circuit examined whether § 545(2) of the Bankruptcy Code allowed a debtor-in-possession to avoid Louisiana vendor's privilege, which is a statutory lien that has no formal perfection requirements. In *Tape City*, the debtor filed bankruptcy under Chapter 11 and remained in possession of its property. The vendor, which had sold merchandise to the debtor, claimed that its vendor's privilege constituted a secured claim and demanded adequate protection of its interests in the merchandise. Under Louisiana law, a vendor of movable property which has not been paid has a vendor's privilege on the price of such property. *Id.* at 403 (citing La.Civ. Code Ann. arts. 3217(7), 3227). Louisiana law allows a bona fide purchaser to avoid the privilege if there has been both transfer of title and physical delivery of the property to the bona fide purchaser. *Id.* The court recognized that a debtor-in-possession in a Chapter 11 reorganization is treated like a trustee in a Chapter 7 liquidation, who is given the status of a hypothetical bona fide purchaser for purposes of testing statutory liens under Bankruptcy Code § 545(2). In applying the bona fide purchaser test, the court refused to assume that the debtor had parted with possession: "Even if [the debtor-in-possession] is considered a trustee who, under the legal fiction of the [Bankruptcy] Code, takes as a bona fide purchaser, we cannot accept [the debtor-in-possession's] argument that the mere filing of bankruptcy petition somehow transfers physical possession of the goods." *Id.* at 403–04. Therefore, the court concluded that since a trustee could not avoid the vendor's privilege, neither could the debtor-in-possession. *Id.* at 404.

*Tape City* relied on *In re Trahan*, 283 F.Supp. 620, 626 (W.D.La.), *aff'd*, 402 F.2d 796 (5th Cir.1968) (per curiam), *cert. denied*, 394 U.S. 930, 89 S.Ct. 1189, 22 L.Ed.2d 459 (1969), which was decided under

of benefit to the estate"); 11 U.S.C. § 554 (authorizing trustee to abandon property "that is burdensome to the estate or that is of inconsequential value and benefit to the estate"). As to the protection rationale, because the trustee is not actually giving value for the asset, he need not be afforded the same protection as a true bona fide purchaser. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 86 (1978) 1978 U.S.C.C.A.N. 5787, 5872 (legislative report on proposed Bankruptcy Code § 545(b) amendment that was delet-

ed) ("[T]he reasons for enabling a bona fide purchaser to take these kinds of assets free of an unfiled tax lien, that is, to encourage the free movement of these assets in general commerce, do not apply to a trustee in a title 11 case, who is not in the same position as an ordinary bona fide purchaser as to such property."). Thus, because the rationale of Internal Revenue Code § 6323 would not be advanced by extending the term purchaser to include a trustee, we conclude that a trustee is not protected by this statute.

§ 67(c)(1)(B) of the Bankruptcy Act, the predecessor to Bankruptcy Code § 545(2). In *Trahan,* the district court concluded that while § 67(c) of the Bankruptcy Act gave the trustee the status of a bona fide purchaser, it did not give him physical possession of the property. *Id.* "Possession by the original vendee is a requisite for protection of the seller and the enforcement of his vendor's privilege under Louisiana law." *Id.* Therefore, the district court held that absent such possession, the trustee could not avoid the vendor's privilege. *Id.* The Fifth Circuit affirmed based on the opinion of the district court. *In re Trahan,* 402 F.2d at 796.

It now appears that *Trahan* and *Tape City* are the genesis of the rule on hypothetical possession. In *In re Bates,* 81 B.R. 63 (Bankr.D.Or.1987), the bankruptcy court read *Tape City* to say: "While the [Bankruptcy] Code grants the trustee certain avoiding powers as a hypothetical purchaser at the time of the commencement of the case, it does not grant the trustee hypothetical possession at the time of the commencement of the case." *Id.* at 64. Accordingly, the *Bates* court concluded that the debtor could not avoid the federal tax lien pursuant to Internal Revenue Code § 6323(b)(2). *Id.* Subsequent courts have cited *Bates* for the proposition that the Bankruptcy Code does not grant hypothetical possession to a hypothetical bona fide purchaser. *See In re Stegeman,* No. 84–01979–414, 1991 WL 541134, at *3 (Bankr.E.D.Wash. Jan. 25, 1991); *In re Williams,* 109 B.R. 179, 181–82 (Bankr.W.D.N.C.1989); *cf. In re Woods Farmers Coop. Elevator Co.,* 946 F.2d 1411 (8th Cir.1991) (holding that a lien unenforceable only against a buyer in the ordinary course of business could not be avoided by a bona fide purchaser because a buyer in the ordinary course of business has additional characteristics not possessed by a bona fide purchaser).

The Ninth Circuit has also followed the approach of *Tape City* in *In re Loretto Winery Ltd.,* 898 F.2d 715 (9th Cir.1990). *Loretto Winery* involved a producer's lien on partially processed grapes that had been delivered to the debtor processor. Under California law, the lien remained on the grapes only as long as the processor retained possession. *Id.* at 721. In determining whether the trustee could avoid the producer's lien, the court refused to assume that the trustee as a hypothetical bona fide purchaser had possession of the grapes when the debtor actually had possession at the moment the bankruptcy petition was filed. *Id.* The court held that because the debtor had possession when it filed bankruptcy, the producer's lien could not be avoided. *Id.* at 725.

However, the *Trahan/Tape City* line of cases is not without criticism. The First Circuit disapproved of *Trahan* in *In re J.R. Nieves & Co.,* 446 F.2d 188 (1st Cir.1971). *Nieves* involved a vendor's privilege created under an article of the Puerto Rican Civil Code that was similar to the Louisiana Civil Code article at issue in *Tape City.* Under the article, a bona fide purchaser must take possession of the merchandise to defeat a seller's lien. *Id.* at 190. The court stated, "In our view, when Congress spoke of the 'rights' of a hypothetical purchaser, it contemplated a full-blooded, not an anemic, purchaser." *Id.* at 192. Thus, it concluded that a characteristic of a hypothetical bona fide purchaser was possession of the merchandise and held that the trustee, as a hypothetical bona fide purchaser, could avoid the seller's lien. *Id.* 192, 194. However, the "full-blooded" bona fide purchaser which the court was referring to was based on its state law definition of bona fide purchaser. *Id.* at 192 n. 6 ("Whether a given person is a bona fide purchaser . . . is defined by state law."). Therefore, the First Circuit's broad definition of bona fide purchaser is limited to liens created under Puerto Rican law.

In *In re Hughes,* 9 B.R. 251, 255 (Bankr. W.D.La.1981), the bankruptcy court agreed with *Trahan* that Louisiana's vendor's privilege was a statutory lien. However, it refused to follow *Trahan's* holding that a bona fide purchaser must obtain actual physical possession to avoid a vendor's privilege. The court stated, "In actuality the trustee is not a real bona fide purchaser who can protect his position by taking delivery the moment he pays for the goods. The trustee is a hypothetical bona fide purchaser on the date of the filing of the petition by the debtor." *Id.*

at 256. Accordingly, the court held that the vendor's privilege could be avoided by the trustee in his position as a hypothetical bona fide purchaser under Bankruptcy Code § 545(2). *Id.* at 257. The court's analysis, however, ignored the fact that Louisiana law requires "*actual* possession" in order for a bona fide purchaser to be able to avoid the vendor's privilege. Therefore, we believe that *Hughes* was erroneously decided and do not rely on it.

In each of these cases, the court resolved the question of whether the lien could be avoided by a bona fide purchaser by looking at the law controlling the validity of the lien. We agree with, and shall follow the approach of the courts in these cases. However, as this is a case of first impression in this circuit, we do not adopt their holdings carte blanche.

In this case, the trustee claims he can avoid the lien pursuant to his powers under Bankruptcy Code § 545(2), which gives the trustee the power to avoid statutory liens where a hypothetical bona fide purchaser could avoid them. 11 U.S.C. § 545(2). As already stated, we must look to the law controlling the validity of the statutory lien to determine whether a bona fide purchaser could avoid the statutory lien. The statutory lien at issue is a federal tax lien, created under Internal Revenue Code § 6321, and because it is on a motor vehicle, its validity is controlled by Internal Revenue Code § 6323(b)(2). Therefore, the inquiry we must make is whether a hypothetical bona fide purchaser could avoid the statutory lien pursuant to Internal Revenue Code § 6323(b)(2). If a bona fide purchaser could avoid the statutory lien, the trustee could also avoid the statutory lien pursuant to his powers under § 545(2). Bankruptcy Code § 545(2) dictates that the enforceability of the statutory lien must be tested as against a bona fide purchaser as of the date the petition is filed. 11 U.S.C. § 545(2). Therefore, we will test the federal tax liens as of October 19, 1989, which, as discussed above, is the date when the Chapter 11 petition was filed.

██ Consistent with our statement of the test—a trustee steps into the shoes of, rather than obtaining the status of a hypothetical

bona fide purchaser—we will not impute characteristics or qualities of one to the other. A debtor-in-possession and a hypothetical bona fide purchaser are two separate persons. A debtor-in-possession may stand in the shoes of a hypothetical bona fide purchaser, but that is all he may do; he may not simultaneously stand in the shoes of a hypothetical bona fide purchaser and selectively assert characteristics that he has as a debtor-in-possession. This approach is necessary to fulfill the exact letter of Bankruptcy Code § 545(2), which provides that a debtor-in-possession may avoid a statutory lien only to the extent that a bona fide purchaser could. *See* 11 U.S.C. § 545(2). Moreover, imputing actual characteristics of a debtor-in-possession to a hypothetical bona fide purchaser would lead to different results depending on whether an actual trustee or a debtor-in-possession was exercising the avoidance power. In otherwise identical circumstances, a debtor-in-possession would be able to avoid the statutory liens, but a trustee would not, merely because it was the debtor-in-possession, rather than the trustee, who had actual possession of the vehicle at the commencement of case and who sought to avoid the lien. *See In re Loretto Winery Ltd.*, 898 F.2d at 721 n. 9 ("[T]his would create an anomalous distinction between debtors-in-possession and trustees. A trustee would be able to avoid the statutory lien while the debtor-in-possession would not, even with all other circumstances identical. We do not think Congress intended this result."). Therefore, we will test the federal tax liens from the perspective of both the debtor and a hypothetical bona fide purchaser.

██ As debtors listed the IRS as a creditor having priority in the Chapter 11 petition filed on October 19, 1989, it is clear that debtors themselves were not without notice or knowledge of the federal tax liens. In addition, debtors were not purchasers within the meaning of Internal Revenue Code § 6323(b)(2). Therefore, debtors cannot, in their own right, avoid the federal tax liens under Internal Revenue Code § 6323(b)(2).

██ Likewise, a hypothetical bona fide purchaser could not avoid the federal tax

liens because possession of the motor vehicle was in debtors and that possession cannot be imputed to a hypothetical bona fide purchaser. Simply filing the bankruptcy petition does not transfer actual possession away from debtors, *see In re Misco Supply Co.,* 43 B.R. 651, 653 (Bankr.D.Kan.1984), and we will not violate the express mandate of Internal Revenue Code § 6323(b)(2) by assuming that a hypothetical bona fide purchaser has possession when, in reality, debtors had possession of the motor vehicle. Bankruptcy Code § 545(2) makes clear that the trustee may only avoid a statutory lien that a bona fide purchaser could. Thus, where a bona fide purchaser is without the power to avoid a lien because the controlling law requires something more than mere bona fide purchaser status for protection, the trustee also is without power to avoid the lien. To state it as have many courts before us, the Bankruptcy Code does not grant hypothetical possession to a hypothetical bona fide purchaser.

Not only is this result consistent with the *Trahan/Tape City* line of cases, it is consistent with the approach this court took in a case involving § 70(c) of the Bankruptcy Act, the predecessor to Bankruptcy Code § 544(a)(1), (2), wherein we stated, "[T]he powers and rights of the hypothetical lien creditor under § 70(c) are just what the statute says they are, no more and no less.... The contrary view would endow the trustee with almost of all the qualities of a bona fide purchaser or mortgagee for present value." *In re Federal's Inc.,* 553 F.2d 509, 514 (6th Cir.1977). We feel that the same reserved approach that we used in defining the characteristics of a hypothetical lien creditor is appropriate in defining the characteristics of a hypothetical bona fide purchaser under Bankruptcy Code § 545(2).

#### D.

The trustee urges this court to follow the cases of *United States v. Sierer,* 139 B.R. 752 (N.D.Fla.1991), and *In re Znider,* 150 B.R. 239 (Bankr.C.D.Cal.), *vacated on other grounds,* 167 B.R. 603 (C.D.Cal.1993). Both *Sierer* and *Znider* involved Chapter 11 proceedings in which the debtor-in-possession sought to avoid federal tax liens on motor vehicles. In *Sierer,* the district court recognized that a bona fide purchaser must have possession of the motor vehicle in order to avoid federal tax liens under Internal Revenue Code § 6323(b)(2). *Id.* at 755. However, the district court evidently believed that the possession of the motor vehicle, which was in the debtor-in-possession, could be imputed to a hypothetical bona fide purchaser merely because the debtor-in-possession may stand in the shoes of a hypothetical bona fide purchaser. *Id.* Based on that reasoning, the district court held that the debtor-in-possession could avoid a filed federal tax lien. *Id.* In *Znider,* the bankruptcy court, relying on *Sierer,* reached the same result on essentially similar facts. *Znider,* 150 B.R. at 246. We reject both *Znider* and *Sierer* because the court in both of those cases erred by imputing characteristics of a debtor-in-possession to a hypothetical bona fide purchaser. That is precisely the type of analysis that we reject above.

In summary, although we agree that the district committed the two errors advanced by the trustee, we agree with the result, albeit for different reasons, *see Hilliard v. United States Postal Serv.,* 814 F.2d 325, 326 (6th Cir.1987), reached by the district court. Because the Bankruptcy Code does not grant hypothetical possession to a hypothetical bona fide purchaser, the trustee in this case may not avoid, under Bankruptcy Code § 545(2), the federal tax liens on debtors' motor vehicle.

#### III.

For the reasons stated, the judgment of the district court is AFFIRMED.