**In re James BERG; Mary Berg, Debtors.**

**Kenneth W. BATTLEY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 95–36205.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 17, 1997.

Decided Aug. 14, 1997.

**536**

M. Gregory Oczkus, Anchorage, AK, for Plaintiff-Appellant.

Gary R. Allen, Robert J. Branman, Gary D. Gray, and David A. Shuster, United States Department of Justice, Washington, DC, for Defendant-Appellee.

Before: WALLACE, JOHN T. NOONAN and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Kenneth W. Battley, Trustee in Bankruptcy (the Trustee), appeals the judgment of the Bankruptcy Appellate Panel (the BAP) in favor of the United States upholding the validity of the federal tax lien imposed on the bankrupt estate by the Internal Revenue Service (the IRS). The case is one of first impression in this circuit and requires us to decide the relation of Internal Revenue Code (IRC) §§ 6321 and 6323 to the Bankruptcy Code, 11 U.S.C. § 545(2). Holding that Congress has understandably given protection to federal tax liens and therefore limited the powers conferred by § 545 on the Trustee in Bankruptcy, we affirm.

*FACTS*

The IRS made income tax assessments against James and Mary Berg (the Bergs) for the tax years 1980, 1981 and 1982. The assessments were unpaid after notice and demand. In 1987 the IRS filed a notice of the resultant tax liens against the Bergs in Kodiak, Alaska. In 1991 the Bergs came into possession of a promissory note signed by Steven L. DeHart and Elsa A. DeHart dated January 4, 1991, promising to pay to the Bergs, or order, the sum of $105,000 in installments beginning February, 1991. On September 10, 1993, the IRS filed in Anchorage, Alaska, another notice of its tax liens against the Bergs for the unpaid balance of the assessment for the tax years 1980–1982.

On January 28, 1994, the Bergs filed a bankruptcy petition under Chapter 13. The case was subsequently converted to a liquidation under Chapter 7 and the Trustee was appointed.

*PROCEEDINGS*

The Trustee filed a complaint in the bankruptcy court seeking to void the federal tax liens on the DeHart promissory note. He invoked 11 U.S.C. § 545(2). On March 28, 1995, the bankruptcy court ruled in favor of the Trustee, observing "there are legitimate bankruptcy policies to be served by § 545(2), including that of equitable distribution among the creditors of the debtor."

The United States appealed to the BAP, which reversed the bankruptcy court. In agreement with *United States v. Hunter (In re Walter)*, 45 F.3d 1023 (6th Cir.1995), the BAP held that the IRC's definition of "purchaser," 26 U.S.C. § 6323(h)(6), was controlling and was not satisfied by § 545(2) of the Bankruptcy Code. The BAP remanded to the bankruptcy court to enter judgment for the United States. The order creates appellate jurisdiction, *In re Dominguez*, 51 F.3d 1502,

1506–1507 (9th Cir.1995), and the Trustee appeals.

## ANALYSIS

■ The tax liens in question arise under IRC § 6321. This statute provides as follows:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

Exceptions are made from such a lien even. after notice of it has been filed by the IRS. The relevant exception here is with respect to a security, defined to include a negotiable note, 26 U.S.C. § 6323(h)(4), with respect to "a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien." 26 U.S.C. § 6323(b)(1). The statute goes on to define "purchaser" to mean "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6).

■ As the liens are created by federal law, the validity, durability, and qualified exceptions thereto are also determined by federal law. We have no occasion to look to the law of a particular state on bona fide purchasers (BFPs) or holders in due course. Federal law alone is decisive. *In re Walter,* 45 F.3d at 1030.

A trustee in bankruptcy may

avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 545(2). The question presented for decision is whether the Trustee, as this hypothetical BFP, meets the IRC's exception for purchasers, as narrowly defined by § 6323(h)(6).

■ "[T]axes are the lifeblood of government" *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935). A court will not lightly assume that Congress intended to subordinate the efficacy of the federal tax laws to other considerations. Here § 6321 is general and peremptory. The exceptions permitted under § 6323 are carefully crafted and narrowly limited. There is no reference whatsoever to a particular exception for a trustee in bankruptcy.

Giving §§ 6321 and 6323 the dominant position they deserve, we hold that the powers conferred by Bankruptcy Code § 545(2) on the Trustee as a hypothetical BFP are not sufficient to satisfy the conditions of IRC § 6323. As the Sixth Circuit has held, a good faith purchaser is not necessarily a purchaser "for adequate and full consideration." *In re Walter,* 45 F.3d at 1030. The Trustee does not qualify for the exception provided by § 6323(b)(1).

**AFFIRMED.**