In re Thomas A. SIERER, Debtor.

Bankruptcy No. 88–00231.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Oct. 1, 1991.

Lisa C. Cohen, Jacksonville, Fla., for debtor.

Carol K. Ide, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER ON DEBTOR'S MOTION FOR SANCTIONS

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter came before the Court on the debtor's Motion for Sanctions for Failure to Comply with Order Compelling Discovery. The debtor, on September 13, 1990, served on the United States Interrogatories and a Request for Production of Documents. The United States failed to respond to the debtor's request. Consequently, on January 17, 1991, the debtor filed a Motion for Order Compelling Discovery and for Award of Fees and Expenses. On April 15, 1991, the Court entered an order giving the United States of America until April 25, 1991 to respond to the debtor's Interrogatories and Second Request for Production of Documents. It was further ordered that to the extent that the United States failed to respond to the debtor's request by such date, it would be barred from introducing at trial any evidence not produced. The order also reserved jurisdiction to consider an award to the debtor of attorney's fees and costs which may have been incurred in the bringing of the Motion to Compel Discovery.

The motion now before the Court seeks a preclusionary order prohibiting the United States from calling as a witness anyone not specifically named in the

government's interrogatories or response to the production of documents and that the United States be precluded from introducing any documents, or testimony concerning any documents, that have not been provided to the debtor as of April 25, 1991. At hearing, the United States agreed with the debtor that it would be precluded from producing any evidence not provided by April 25, 1991.

The April 15, 1991 order was a self-executing preclusionary order. Anything not provided to the debtor prior to April 25, 1991 cannot be used as evidence at trial.

■ The debtor also seeks an award for reasonable expenses which it incurred in obtaining the Order Compelling Discovery, including attorneys' fees, and any expenses which the debtor has incurred in bringing the instant action. Federal Rule of Civil Procedure 37 permits a court to award any reasonable expenses incurred in bringing a motion to compel discovery and any reasonable expenses, including attorneys fees, caused by a party's failure to comply with an order compelling discovery.

Considering the length of time it took the United States to respond to the interrogatories, it is appropriate that the debtor be awarded any reasonable expenses incurred due to the United States delay in responding to the debtor's request and due to the United States failure to comply with the Order Compelling Discovery. At hearing, we gave debtor's counsel 10 days to submit an affidavit as to the time spent in connection with the Motion for Order Compelling Discovery. The United States then had 10 days to object to the reasonableness of the time.

■ Debtor's counsel has submitted that she worked 4.9 hours in connection with the Motion for Order Compelling Discovery. Her billing rate is $125.00 per hour. Therefore, she requests attorneys fees in the amount of $612.50. The United States does not contest the number of hours spent on the motion, but argues that the appropriate billing rate should be $75.00 per hour. For support it cites to § 7430(c) of the Internal Revenue Code and § 2412(d)(2)(A)(ii) of the Equal Access to Justice Act. These two provisions provide a fee cap of $75.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." I.R.C. § 7430(c).

These two provisions are fee-shifting provisions whereby the prevailing party in an action may be awarded costs incurred in connection with the proceeding. Federal Rule of Civil Procedure 37 provides that the party whose conduct necessitated the motion "to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees." This rule is not merely a fee-shifting provision, it is a sanctions provision. The United States has shown no authority that Federal Rule of Civil Procedure 37 limits the reasonableness of attorneys' fees awarded as sanctions to $75.00 per hour. Accordingly, it is

ORDERED AND ADJUDGED that the United States is precluded from presenting any evidence at trial that was not provided, upon request, to debtor's counsel. It is,

FURTHER ORDERED that sanctions shall be assessed against the United States which shall pay to the debtor the sum of $612.50 for the costs and expenses incurred in connection with the Motion for Order Compelling Discovery.

DONE AND ORDERED.