**In re Darrell Joe CARRENS and Linda Dell Carrens, Debtors.**

**Darrell Joe CARRENS, Linda Dell Carrens, and Terry E. Smith, Chapter 13 Trustee, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 94–6541–8G3.
Adv. No. 94–676.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 8, 1996.

Michael Barnett, Tampa, FL, for Plaintiffs Darrell Joe and Linda Dell Carrens.

Eric Barksdale, Bradenton, FL, for Plaintiff Terry E. Smith, Chapter 13 Trustee.

Philip Doyle, U.S. Attorney General, U.S. Dept. of Justice, Washington, DC, for Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT AND CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Summary Judgment filed by Darrell Joe Carrens and Linda Dell Carrens (the "Debtors"), together with the Cross–Motion for Partial Summary Judgment filed by the United States of America (the United States). The Motions relate to a Complaint to Determine Secured Status and to Avoid Statutory Lien filed by the Debtors and Terry E. Smith (the "Trustee"), the Trustee in the Debtors' Chapter 13 case (the Debtors and the Trustee are the "Plaintiffs"). The United States has asserted a federal tax lien on the Debtors' personal property, which includes their motor vehicles, and real estate. In Count I of the Complaint, the Plaintiffs request the Court to avoid the lien asserted by the United States on the Debtors' vehicles and personal property pursuant to Section 545(2) of the Bankruptcy Code. In Count II of the Complaint, the Plaintiffs request the Court to determine that the secured portion of the United States' claim is $3,000, based on the amount of the Debtors' equity in their homestead real property. In its Answer to the Complaint, the United States asserts that its lien is not avoidable under § 545 because the lien was perfected against a bona fide purchaser at the commencement of the case, and because the Chapter 13 Trustee is not entitled to the "superpriority" rights of a purchaser as provided by the Internal Revenue Code.

The Debtors have filed the Motion for Summary Judgment, and the United States has filed a Cross Motion for Summary Judgment. Both parties contend that there is no genuine issue as to any material fact, and that they are entitled to a judgment as a matter of law with respect to the avoidance of the lien on the Debtors' vehicles and personal property. Both parties also appear to concede, however, that a factual issue exists regarding the amount of the Debtors' equity in their homestead real property. Consequently, the entry of a summary judgment is not appropriate with respect to a determination of the secured portion of the United States' claim on such real property.

### I. Background

The Debtors filed their Petition under Chapter 13 of the Bankruptcy Code on July 6, 1994. In connection with their filing, the Debtors listed various automobiles and per-

sonal property on their schedules of assets. The parties agree that the description and value of these assets are as follows:

| | |
|---|---|
| Furniture | $2,000 |
| Vehicles | 7,900 |
| Clothing | 100 |
| Jewelry | 270 |
| Hobby equipment | 180 |
| Other personal property | 100 |
| Total | $10,550 |

The Debtors also listed their homestead on their schedule of real property. The Debtors claim that the amount of their equity in the homestead real property is $3,000. The United States claims that the amount of the Debtors' equity in the homestead real property is $16,000.

The Debtors scheduled their interest in all of their personal property except the motor vehicles as exempt, and scheduled their interest in their homestead real property as exempt.

The United States timely filed a Proof of Claim in the Debtors' bankruptcy case in the total amount of $13,662.84. Of this total amount, the sum of $12,920.64 was filed as a secured claim. The United States bases its security on a Notice of Federal Tax Lien filed with the Clerk of the Circuit Court of Hillsborough County, Florida, on July 20, 1993, and September 20, 1993, prior to the commencement of the Debtors' bankruptcy case. The United States contends that its lien extends to all property and rights to property owned by the Debtors.

## II. Applicable Statutes

**Bankruptcy Code:**

**11 U.S.C. § 545. Statutory liens**

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

.      .      .      .      .

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

**11 U.S.C. § 522. Exemptions.**

.      .      .      .      .

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

**Florida Statutes:**

**§ 319.27, Florida Statutes. Notice of lien on motor vehicles or mobile homes; notation on certificate; recording of lien.—**

(1) Each lien, mortgage, or encumbrance on a motor vehicle or mobile home titled in this state shall be noted upon the face of the Florida certificate of title or on a duplicate or corrected copy thereof, as provided by law; .... Except for the recording of liens upon motor vehicles or mobile homes for which no Florida certificates of title have been issued as provided in subsection (3), the department shall not be a recording office for liens on motor vehicles or mobile homes.

.      .      .      .      .

(2) ... No interest of a statutory nonpossessory lienor; the interest of a nonpossessory execution, attachment, or equitable lienor; or the interest of a lien creditor as defined in s. 679.301(3), if nonpossessory, shall be enforceable against creditors or subsequent purchasers for a valuable consideration unless such interest becomes a possessory lien or is noted upon the certificate of title for the subject motor vehicle or mobile home prior to the occurrence of the subsequent transaction.

**§ 713.901, Florida Statutes. Florida Uniform Federal Lien Registration Act.**

(1) Short Title. This section may be cited as the "Florida Uniform Federal Lien Registration Act."

(2) Scope. This section applies only to federal tax liens and to other federal liens, notices of which, under any act of Congress or any regulation adopted pursuant thereto, are required or permitted to be filed in the same manner as notices of federal tax liens.

(3) Place of Filing.

(a) Notices of liens, certificates, and other notices affecting federal tax liens or other federal liens, notices of which, under any act of Congress or any regulation adopted pursuant thereto, are required or permitted to be filed in the same manner as notices of federal tax liens, must be filed in accordance with this section.

.     .     .     .     .

(c) Notices of federal liens upon personal property, whether tangible or intangible, for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed as follows:

.     .     .     .     .

4. In all other cases, in the office of the clerk of the circuit court of the county where the person against whose interest the lien applies resides at the time of filing of the notice of lien.

.     .     .     .     .

(7) Uniformity of application and construction. This section shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this section among the states enacting it.

### Internal Revenue Code:

#### 26 U.S.C. § 6321. Lien for taxes.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

### 26 U.S.C. § 6323. Validity and Priority Against Certain Persons.

(a) **Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.**—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

(b) **Protection for certain interests even though notice filed.**—Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

.     .     .     .     .

(2) **Motor Vehicles.**—With respect to a motor vehicle, . . . as against a purchaser of such motor vehicle, if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

.     .     .     .     .

(4) **Personal property purchased in casual sale.**—With respect to household goods, personal effects, or other tangible personal property . . . purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that the sale is one of a series of sales.

.     .     .     .     .

(f) **Place for filing notice; form.**—

(1) **Place for filing.**—The notice referred to in subsection (a) shall be filed—

(A) **Under State laws.**—

(i) **Real property.**—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, is which the

property subject to the lien is situated; and

(ii) **Personal property.**—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that State law merely conforming to or reenacting Federal law establishing a national filing system does not constitute a second office for filing as designated by the laws of such State; or

(B) **With clerk of the district court.**— In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); ...

.        .        .        .        .

(h) **Definitions.**—For purposes of this section and section 6324—

.        .        .        .        .

(6) **Purchaser.**—The term "purchaser" means a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice. . . .

.        .        .        .        .

### III. Discussion

The Debtors claim that the lien on their vehicles and personal property is avoidable under § 545(2) of the Bankruptcy Code.

### A. Filing of Notice of Lien.

■ With respect to their vehicles, the Debtors assert that the lien of the United States was not perfected or enforceable at the commencement of the case within the meaning of 11 U.S.C. § 545(2) because the United States had not complied with § 319.27(2), Florida Statutes, which provides that a statutory nonpossessory lien on motor vehicles titled in Florida must be noted upon the certificates of title.

It is undisputed that the lien was not noted on the certificates of title to the Debtors' motor vehicles. It is also undisputed that the United States filed its Notice of Lien only with the Clerk of the Circuit Court of Hillsborough County, and not with the Department of Motor Vehicles.

The lien of the United States was perfected and enforceable at the time of the commencement of the case against a bona fide purchaser, because the notice of lien was filed with the Clerk of the Circuit Court of Hillsborough County.

■ In this case, the statutory lien is a federal tax lien asserted under 26 U.S.C. § 6321, which provides that the amount of any unpaid tax "shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to" the taxpayer. The validity and priority of the lien as against third parties is determined in accordance with federal law, *see United States v. City of New Britain, Conn.,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), specifically 26 U.S.C. § 6323. Subsection (a) of that section provides that the lien imposed by 26 U.S.C. § 6321 shall not be valid against certain third parties unless a notice has been filed pursuant to subsection (f). Subsection (f) states that, in the case of personal property, the required notice shall be filed "in one office within the state ... as designated by the laws of such State, in which the property subject to the lien is situated." In Florida, the filing of a federal tax lien is governed by § 713.901, Florida Statutes, the "Florida Uniform Federal Lien Registration Act." The general purpose of this Act, as stated in subsection (7), is to make the law with respect to the filing of federal liens uniform among the states enacting it. If the obligor is an individual, subsection 713.901(3)(c)(4) provides that a notice of a federal lien upon personal property "shall be filed" in the office of the clerk of the circuit court of the county where the person resides.

If the laws of a state provide more than one office to file a notice of federal tax lien

with respect to a taxpayer's personal property, then the notice must be filed with the clerk of the United States district court for the judicial district in which the property subject to the lien is situated. 26 U.S.C. § 6323(f)(1)(B). However, § 319.27(1), Florida Statutes, specifically provides that the department of motor vehicles is not a recording office for liens on motor vehicles. Further, the Attorney General of Florida has issued an opinion that § 319.27, Florida Statutes, does not provide an additional office for filing a notice of federal tax lien and does not require that the notice of federal tax lien be recorded on the certificate of title for a motor vehicle in order to be valid. *See* Op.Atty. Gen. 76–119 (May 28, 1976).

Since the United States filed its notice of federal tax lien with the Clerk of the Circuit Court in Hillsborough County, the county of the Debtors' residence, the United States properly perfected its lien in accordance with 26 U.S.C. § 6323(f) and § 713.901, Florida Statutes, and its lien is perfected and enforceable against a bona fide purchaser.

## B. Bona Fide Purchaser.

■ However, with respect to the vehicles and also with respect to the other personal property, the Debtors also contend that the lien is not valid pursuant to 26 U.S.C. § 6323(b), which provides that even though a notice of lien has been properly filed, the lien is not valid against certain purchasers. Pursuant to 11 U.S.C. § 545(2), the Trustee may avoid a statutory lien which is not valid against a bona fide purchaser. Therefore, the issue is whether the statutory lien may be avoided pursuant to the Trustee's powers under 11 U.S.C. § 545(2) if the lien is valid against bona fide purchasers in general but invalid against a special group of bona fide purchasers designated in 26 U.S.C. § 6323.

### i. The Parties' Contentions.

According to the Debtors, 11 U.S.C. § 545(2) allows the Trustee to stand in the

shoes of the purchasers described in 26 U.S.C. § 6323(b)(2) and § 6323(b)(4) quoted above. Since the lien of the United States on their vehicles and personal property would not be enforceable as against such purchasers as of the date the case was filed, the Debtors contend, the lien is ineffective as against the Trustee and may be avoided.

The United States contends that the Debtors are not entitled to avoid the lien by virtue of 26 U.S.C. § 6323(b) because § 545(2) of the Bankruptcy Code endows the Trustee [1] with only the rights of a bona fide purchaser as of the commencement of the case. It contends that a bona fide purchaser is simply a purchaser for value without notice of an adverse claim. The United States claims that its lien is valid as against a bona fide purchaser since it had properly filed its Notice of Federal Tax Lien, and that 26 U.S.C. § 6323(b)(2) and § 6323(b)(4) require that a purchaser have characteristics in addition to those associated with a bona fide purchaser to be entitled to the "superpriority" status granted under those sections. A purchaser of a vehicle, for example, must have actual possession of the vehicle, and the purchaser of household goods or other personal effects must purchase at a "casual sale" for a price not to exceed $250, and must not intend to purchase the goods for resale. The United States concludes, therefore, that the qualifications for a purchaser under 26 U.S.C. § 6323 are higher than those of a traditional bona fide purchaser. Since a bankruptcy trustee acquires only the rights and characteristics of 'a "mere" bona fide purchaser under 11 U.S.C. § 545, and not the additional qualities set forth in 26 U.S.C. § 6323, it is not entitled to assert the superpriority status of a purchaser under 26 U.S.C. § 6323 and may not avoid the lien.

### ii. Case Authority.

Cases interpreting the application of 11 U.S.C. § 545(2) with respect to tax liens have

---

1. The United States notes, correctly, that the Debtors may assume the Trustee's lien avoidance powers under § 545 only to the extent that the Debtors could have exempted the property subject to the lien, *see* 11 U.S.C. § 522(h), and that only the Debtors have brought the motion for summary judgment. However, for other reasons expressed in this order, the Court concludes that neither the Debtors nor the Trustee may avoid the lien. Consequently, it is not necessary to determine whether or the extent to which the Debtors are proper movants.

not reached consistent results. In *In re Branch*, 170 B.R. 577 (E.D.N.C.1994), the District Court in North Carolina ruled that a Chapter 13 debtor and trustee could avoid a federal tax lien on household goods. The Court reasoned that the trustee was a bona fide purchaser by virtue of 11 U.S.C. § 545, and that he necessarily was a purchaser at a casual sale within the meaning of 26 U.S.C. § 6323(b)(4) because a "casual sale" is defined as a sale "not occurring in the ordinary course of business." Therefore, the debtor and the trustee could avoid the lien based on the combined effect of 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b)(4).

Other cases have reached mixed results on the same issue. The complexity of the issue is evidenced not only by inconsistencies in results between different cases, but also by confusion and convoluted histories within the same case. See *Sierer v. United States*, 121 B.R. 884 (Bankr.N.D.Fla.1990), 139 B.R. 752, on remand *In re Sierer*, 137 B.R. 523; and *In re Znider*, 150 B.R. 239, opinion vacated 167 B.R. 603 (Bankr.C.D.Cal.1993). Further, the legislative history of 11 U.S.C. § 545(2) provides little guidance in explaining the applicability of the section to federal tax liens. *In re Walter*, 45 F.3d 1023, 1027 n. 2 (6th Cir.1995). ("[T]he legislative history itself is contradictory and offers little help in interpreting the statute.")

On the other hand, the Sixth Circuit as well as the District Court in the Middle District of Florida have recently addressed the issue in the context of Chapter 7 cases. In *In re Walter*, 45 F.3d 1023 (6th Cir.1995), the Sixth Circuit concluded that the trustee could not avoid a federal tax lien on the debtor's motor vehicle. Significantly, the Sixth Circuit specifically stated that a "bona fide purchaser" for purposes of § 545(2) of the Bankruptcy Code is not necessarily a "purchaser" for purposes of § 6323(b)(2) of the Internal Revenue Code, and that a bankruptcy trustee standing in the shoes of a hypothetical bona fide purchaser does not meet the possession requirement of 26 U.S.C. § 6323(b)(2) with respect to a motor vehicle. The Court concluded that the Bankruptcy Code does not grant hypothetical possession to a hypothetical bona fide purchaser,

so that the trustee in *Walter* could not avoid the federal tax lien on the debtor's vehicle under 11 U.S.C. § 545(2). *In re Walter*, 45 F.3d at 1034.

In *In re Southern Transfer & Storage Co. (United States of America v. Charles L. Weissing, Trustee)*, 1995 WL 579928 (M.D.Fla.1995), the District Court in this district adopted the reasoning of the Sixth Circuit. In that case, a chapter 7 trustee sought to avoid a federal tax lien on several vehicles, and the Bankruptcy Court initially held that the perfection of liens on vehicles in Florida is governed by the Florida law requiring notation of the lien on the certificate of title. Since the Government in that case had not noted its lien on the certificates of title to the vehicles, the Bankruptcy Court held that the lien was not enforceable against a bona fide purchaser and therefore was avoidable.

On appeal, the District Court first noted that the tax lien at issue in the case was a federal lien created by federal law. Accordingly, the District Court ruled that the enforceability and avoidability of the lien must be determined by federal law rather than state law. The District Court found that federal law provides that federal tax liens are generally perfected by filing a notice of a tax lien, and further found that the proper place for filing such a lien on the motor vehicles is the Clerk of the Circuit Court. Because the Government had filed its notice with the Clerk, the Court concluded that the federal tax lien on the vehicles was perfected and enforceable, and could not be avoided by the trustee under 11 U.S.C. § 545(2).

Having held that the lien was perfected and enforceable, the District Court then found it necessary to consider whether the trustee in bankruptcy could avoid the federal tax lien by virtue of the special protection afforded to certain purchasers under 26 U.S.C. § 6323(b). In its analysis, the Court first found that a "bona fide purchaser" is "one who has purchased property for value without notice of any defects in the title of the seller." A "purchaser" for purposes of 26 U.S.C. § 6323(b) is defined by 26 U.S.C. § 6323(h)(6) as a person who acquires an interest in property "for adequate and full consideration in money or money's worth."

The District Court agreed with the Sixth Circuit that "value" is a different standard than "adequate and full consideration in money or money's worth," with the result that a bona fide purchaser within the meaning of 11 U.S.C. § 545(2) is not necessarily a "purchaser" for purposes of 26 U.S.C. § 6323(b).

Next, the District Court found that a trustee in bankruptcy does not satisfy the requirement of 26 U.S.C. § 6323(b) that the purchaser be in possession of the motor vehicles. Again, the District Court agreed with the Sixth Circuit that the statute requires actual possession, and rejected the fiction of "hypothetical possession" by a trustee with the rights of a bona fide purchaser. Since the trustee did not satisfy the specific requirements of 26 U.S.C. § 6323(b), the District Court concluded that the bankruptcy trustee could not avoid a federal tax lien under 11 U.S.C. § 545(2) or 26 U.S.C. § 6323(b).

### iii. Discussion.

As set forth above, the Debtors seek to avoid a statutory lien pursuant to § 545(2) of the Bankruptcy Code. Section 545(2) of the Bankruptcy Code provides that a trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is not perfected or enforceable against a bona fide purchaser on the date that the case was filed, whether or not such a purchaser actually exists.

█ Section 6323(b) of the Internal Revenue Code protects certain purchasers of personal property even though a notice of a federal tax lien was properly filed. The question, therefore, is whether these provisions render a properly filed federal tax lien avoidable as against a bona fide purchaser as that term is used in § 545(2) of the Bankruptcy Code. This Court concurs with the District Court in this district and with the Sixth Circuit that only those purchasers who satisfy the specific qualifications set forth in 26 U.S.C. § 6323(b) are entitled to the protection provided by those provisions.

█ It is generally established that a bona fide purchaser for purposes of 11 U.S.C. § 545(2) is a purchaser who takes for value without notice or knowledge of any adverse claim to the property. *In re Walter,* 45 F.3d at 1030. Under 11 U.S.C. § 545(2), this purchaser may be hypothetical, and need not exist. There are no further requirements for this hypothetical purchaser other than that he exchanged some measure of value to purchase the property, and that he has not been placed on notice of the lien affecting the property. There are no conditions concerning who has possession of the property purchased, the type of sale, or a maximum purchase price, and these conditions cannot be assumed.

█ Section 6323(b) of the Internal Revenue Code, on the other hand, sets forth a specific description of the purchasers entitled to defeat a federal tax lien under that provision, and 26 U.S.C. § 6323(h)(6) defines "purchaser." The description of the purchaser is necessarily detailed to promote the policy of the statute to encourage the free flow of the property in commerce. *In re Sierer,* 121 B.R. at 885. The trustee in a bankruptcy case, however, does not possess the characteristics required of a purchaser under 26 U.S.C. § 6323(b).

This Court agrees with the Sixth Circuit and the District Court that the Bankruptcy Code does not grant hypothetical possession or other hypothetical characteristics to a bona fide purchaser. Since a purchaser must have these characteristics to satisfy the specific requirements of 26 U.S.C. § 6323(b), the Trustee may not avoid the lien under 11 U.S.C. § 545(2).

Accordingly, the Debtors' motion for summary judgment should be denied, and the United States is entitled to the partial summary judgment which it requests.

Therefore,

**IT IS ORDERED** that:

1. The Cross–Motion for Partial Summary Judgment filed by the United States of America is granted, and the federal tax lien asserted by the United States of America on the Debtors' vehicles and personal property is determined to be valid and enforceable. The Court will issue a separate Partial Summary Judgment consistent with this determination.

2. The Motion for Summary Judgment filed by the Debtors, Darrell Joe Carrens and Linda Dell Carrens, is denied, and the Debtors are not entitled to avoid the federal tax lien of the United States with respect to the Debtors' vehicles and personal property.

3. Further proceedings will be scheduled to consider the Complaint to Determine Secured Status to the extent that the Complaint seeks a determination of the secured portion of the United States' claim with respect to the Debtors' homestead real property.