In re Theodore D. AYLWARD, Debtor.

Theodore D. AYLWARD, Plaintiff,

v.

UNITED STATES of America, DEPART-
MENT OF TREASURY, INTERNAL
REVENUE SERVICE, Defendant.

Bankruptcy No. 95–8389–8P1,
Adv. No. 96–966.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 15, 1997.

W. Gregory Golson, Tampa, Florida, for
Plaintiff.

John Galotto, U.S. Department of Justice,
Tax Division, Washington, D.C., for Defen-
dant.

**FINDINGS OF FACT, CONCLUSIONS
OF LAW AND MEMORANDUM
OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11
case filed by Theodore D. Aylward (Debtor)

and the matters under consideration are: (1) the Motion for Summary Judgment filed by the United States of America (Government) addressed to the claims set forth in Counts III and IV of the Debtor's Complaint; (2) the Debtor's Motion for Partial Summary Judgment addressed to the claims set forth in Counts III and IV of the Debtor's Complaint; and (3) the Government's Motion for Summary Judgment addressed to the Debtor's Objection to the Claim of the Government.

The four-count Complaint filed by the Debtor sets forth the following claims. In Counts I and II, the Debtor seeks a determination that certain tax obligations of the Debtor are not within the exception of 11 U.S.C. § 523(a)(1). On January 22, 1997, the Court entered an order granting partial summary judgment in favor of the Plaintiff, and declaring that the Debtor/Plaintiff's 1983 and 1984 income tax liabilities were not excepted from discharge pursuant to 11 U.S.C. § 523. In Count III, the Debtor seeks a determination that the tax lien asserted by the Government is unenforceable because the underlying tax obligation is dischargeable. In Count IV, the Debtor seeks a determination that the claimed tax lien of the Government did not attach to certain properties claimed by the Debtor as exempt.

The Government's Motion for Summary Judgment is directed to both Counts III and IV. The Government contends that there are no genuine issues of material fact and that based on the undisputed facts, it is entitled to judgment in its favor as a matter of law. The Debtor concedes that the relevant facts are not in dispute but contends that he is entitled to judgment as a matter of law in his favor. The undisputed and relevant facts as appear from the record are as follows.

On February 14 and 21, 1994, the Government assessed a liability against the Debtor for income tax, penalties, and interest for the years 1983 and 1984. On August 22, 1994, the Government filed with the Circuit Court of Pasco County, Florida (Circuit Court), a "Notice of Federal Tax Lien," based upon the liabilities assessed for the years 1983 and 1984. On March 6, 1995, the Government again assessed liability for income tax, penalties, and interest against the Debtor for the years 1981 and 1982. On May 30, 1995, the Government also filed with the Circuit Court a "Notice of Federal Tax Lien" based upon the liabilities assessed for the years 1981 and 1982.

On August 18, 1995, the Debtor filed his voluntary Petition under Chapter 11 of the Bankruptcy Code. The Debtor claimed an exemption of certain assets, including among other things, his IRA which he valued at $1.1 million.

On November 9, 1995, the Government timely filed Proof of Claim No. 5, which as subsequently amended on June 13, 1996, asserts a secured claim in the amount of $833,-485.90. The claim is based upon the Debtor's outstanding assessed liabilities for the years 1981, 1982, 1983, and 1984. The Debtor's Objection is based in part on the contentions also advanced in his Motion for Summary Judgment filed in the adversary proceeding. In addition, the Debtor objects to Claim No. 5 on the basis that the Government offered settlement agreements to other taxpayers similarly situated, i.e. individuals who also participated in the same type of tax shelters which were later disallowed by the Government, and that the same offer to settle was not extended to the Debtor.

In response to the Objection, the Government contends that while under the Tax Equity and Fiscal Responsibility Act (TEFRA), Title 26 United States Code, the Government is obligated to offer a settlement to all taxpayers who were also involved in the same tax shelter, TEFRA only applies to tax years 1983 and 1984 and, in any event, in this case TEFRA does not apply even to tax years 1983 and 1984 because the Debtor did not fulfill the condition precedent to any right to discuss settlement, by failing to request similar treatment which was offered to others.

Even though the Complaint originally claimed immunity from the tax lien asserted by the Government as encumbering several different properties, the controversy is now limited by agreement to the question of whether the Government's tax lien attached to the Debtor's Individual Retirement Account (IRA) only. In support of its Motion as to Count III, the Government contends

that federal tax liens are valid and enforceable notwithstanding any discharge of the underlying tax liability. As to Count IV, the Government contends that although under applicable State law the IRA could be claimed as exempt from the claims of creditors, and in fact was claimed and allowed as exempt, the exemption is irrelevant and nonbinding on the Government and the tax lien is valid and enforceable.

The Debtor, in his Motion for Partial Summary Judgment as to Count III, contends that to the extent the federal tax lien attached to the Debtor's IRA, the Debtor is entitled as a hypothetical bona fide purchaser to avoid the federal tax lien as it relates to his interest in an IRA pursuant to 11 U.S.C. § 545(2) and 26 U.S.C. § 6323(b). As to Count IV, the Debtor contends that the Government does not have a valid tax lien on the Debtor's IRA because the Government did not levy or obtain a judgment against the Debtor and did not perfect a judgment lien against the Debtor's IRA. Based on the foregoing, the Debtor contends that the Government's failure to obtain a levy or judgment on the Debtor's IRA in compliance with Treasury Regulation § 1.401(1)–13(b)(2) results in the Government's tax lien being inchoate and unenforceable against the Debtor's interest in the IRA.

The heart of the matter under consideration is whether the Government has a valid federal tax lien under the Internal Revenue Code (Code), and if so, whether the Debtor can avoid such federal lien under 11 U.S.C. § 545. The claim under consideration is created by 26 U.S.C. § 6321, which provides,

**26 U.S.C. § 6321 Lien for Taxes**

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Title 26 U.S.C. § 6334 entitled, "Property Exempt from Levy," specifically identifies numerous types of property interests which are exempt from levy under the Code. It is without dispute that the taxpayer's interest in an IRA account is not included in the list of exemptions and for this reason it is clear that the IRA is subject to the Government's tax lien. This, in turn, leads to the question of whether or not a statutory lien created by 26 U.S.C. § 6321 can be avoided by the Debtor pursuant to 11 U.S.C. § 545(2).

While it is true that where a statutory lien is created by State law, State law governs its validity and enforceability, but where the statutory lien is created by Federal law, Federal law governs. What qualifies to be a bona fide purchaser must be determined by reference to Federal law. *U.S. v. Hunter,* 45 F.3d 1023 (6th Cir.1995); *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110–11, 4 L.Ed.2d 1192 (1960); *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). It follows from the foregoing that the avoidance power granted by the Bankruptcy Code, specifically 11 U.S.C. § 545, must be tested by Federal law.

Section 545 of the Bankruptcy Code provides,

**11 U.S.C. § 545 Statutory liens.**

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists.

Although from this language it appears that the tax lien may be avoided, one cannot overlook the provisions of the Code, 26 U.S.C. § 6323(h)(6) which defines the term "purchaser" as follows:

The term 'purchaser' means a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice. 26 U.S.C. § 6323(h)(6).

Federal law provides that, "[A] federal tax lien is generally perfected against the claim

of a purchaser by filing a notice of tax lien." *In re Darnell,* 834 F.2d 1263, 1265 (6th Cir. 1987); *See In re Perkins,* 134 B.R. 408, 410 (Bankr.E.D.Cal.1991); *In re Wrenn,* 40 F.3d 1162, 1164 (11th Cir.1994); and *In re Isom,* 901 F.2d 744, 745 (9th Cir.1990). In the case of *In re Carrens,* 198 B.R. 999 (Bankr. M.D.Fla.1996), the IRS timely filed a proof of claim in the debtor's bankruptcy case, the major portion of which claim was a federal tax lien filed with the Clerk of the Circuit Court of Hillsborough County, Florida prior to the commencement of the debtor's bankruptcy case. The Court held that the lien was perfected and enforceable against a bona fide purchaser at the time the debtors commenced their case. Furthermore, the Court went on to hold that the lien was not avoidable on the ground that the trustee was a hypothetical bona fide purchaser entitled to protection under the Bankruptcy Code provisions making federal tax liens invalid as to certain purchasers, because the trustee did not possess requisite characteristics of purchasers entitled to such protection. *Carrens. Id.* at 1006. Based upon the foregoing, this Court is satisfied that summary judgment should be granted in favor of the Government as to Count III.

■ This leaves for determination the relief sought in Count IV, the request to determine the extent, priority, and validity of the tax liens on exempt property. It is axiomatic that a proof of claim filed in a proper forum carries the presumptive validity of that claim, including the amount stated therein. It is, therefore, the Debtor's burden to present competent evidence to overcome this presumption. This record is devoid of any evidence which would support the proposition that the amount asserted by the Government is incorrect or, in the alternative even if correct that the proof of claim cannot be allowed because it is unenforceable. Although the Debtor contends that the obligation owed by the Debtor to the Government has been discharged and, therefore, Claim No. 5 cannot be allowed, there is well settled law that a valid proof of claim exists only against the property and not against the person. *See In re Wrenn,* 40 F.3d 1162 (11th Cir.1994); *In re Isom,* 901 F.2d 744 (9th Cir.1990); *In re Dillard,* 118 B.R. 89 (Bankr. N.D.Ill.1990).

■ Finally, the Debtor asserts that because the Government had made other settlement offers to other taxpayers as it relates to Peat Oil & Gas Associates, the Debtor is entitled to a reduction of the Government's claim. The record is devoid of any evidence that the Debtor followed the proper procedure outlined in TEFRA and, therefore, this Court is satisfied that the Debtor is not entitled to a reduction in the same. Accordingly, this Court finds that summary judgment should be entered in favor of the Government as to Count IV.

A separate and Final Judgment will be entered in accordance to the foregoing.